1  NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
   State Bar # CA 117234
2  WILLIAM B. COSSITT, #3484
   OFFICE OF THE UNITED STATES TRUSTEE
3  300 Booth Street, Room 3009
   Reno NV 89509
4  Telephone: (775) 784-5335
   Fax: (775) 784-5531

   Attorneys for Acting United States Trustee
   August B. Landis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case no: BK-N-10-54013-GWZ |
| | Jointly Administered Chapter 11's |
| **HI-FIVE ENTERPRISES, LLC**, a Cal. limited liability company, **SOUTH LAKE STREET, LLC**, a Nevada limited liability co., and **WILD GAME NG, LLC**, a Nevada limited liability co. d/b/a The Siena Hotel Spa & Casino, | Chapter: 11 |
| | **U.S. TRUSTEE'S OBJECTION TO EMPLOYMENT OF KELLY LAW GROUP LLP AS SPECIAL CORPORATE COUNSEL** |
| | Hearing Date: October 21, 2010 |
| | Hearing Time: 11:00 a.m. |
| Debtors. | Est. Time Req.: 10 min. |

The Acting United States Trustee ("US Trustee"), hereby objects to the Debtors' Application For Order Approving The Employment Of Kelly Law Group LLP And Matthew Kelly ("Applicant") As Special Corporate Counsel To The Debtors Pursuant To 11 U.S.C. § 327(e) *Nunc Pro Tunc* To July 21, 2010 ("Application").

This objection is made pursuant to Section 327(e) of the Bankruptcy Code. This objection is also based upon the following points and authorities, the pleadings and papers on file herein, and any argument or evidence to be presented at the hearing on this matter.

**POINTS AND AUTHORITIES**

The US Trustee, pursuant to the provisions of 28 U.S.C. § 586(a)(3)(I), has the duty to monitor applications filed under Section 327 of title 11 and, when deemed appropriate, to file with the court comments and objections with respect to the approval of such applications.

# RELEVANT FACTS

1. Matthew Kelly is Barney Ng's son-in-law and grand-son-in-law to Walter Ng.

2. Barney Ng is the managing member of each of the Debtors and has served in that capacity since May 8, 1998. Omnibus Decl. Barney Ng, Docket #11, par. 3.

3. Barney Ng is the 100% owner of Wild Game Ng, LLC.

4. Barney Ng is the sole scheduled unsecured creditor for Hi-Five Enterprises, LLC ($75,000).

5. Barney Ng and Walter Ng are co-debtors with One South Lake Street, LLC, on the secured note to RE Reno LLC.

6. Walter Ng is the registered agent and manager of One South Lake Street, LLC.

7. The Kelly Law Group-Matt Kelly was paid $4,656.70 on the petition date. See, Exhibit "A" attached hereto.

8. Matthew Kelly is not licensed to practice law in Nevada, only California. Decl. Matthew Kelly, Docket #147, pg. 2, l. 10.

9. The Kelly Law Group, LLP is "a virtual law firm." Decl. Matthew Kelly, Docket #147, pg. 10, l. 1.

10. Although the Application states that the Applicant was employed since December 2009, the Engagement Letter is dated July 22, 2010. See, Exhibit "B" attached hereto.

11. Barney Ng's testimony at the 341 Hearing stated in part:

   a. Matthew Kelly was employed on an "oral" basis before the bankruptcies were filed because "he is my son-in-law";

   b. the flat fee rate of $7,000 per month is a "family discount";

   c. Matthew Kelly was employed by Barney Ng on numerous personal matters;

   d. Matthew Kelly was in-house counsel for Bar-K, Inc., an entity owned by Barney Ng and where Barney Ng was also employed;

   e. Matthew Kelly left Bar-K, Inc., employment when Barney Ng left Bar-K, Inc.

1  employment;

2      f.  Walter Ng and Barney Ng's brother were also involved with Bar-K, Inc.;

3      g.  initially, Matthew Kelly was working on mostly personal issues for Barney Ng
4  (70% of his time), not the Debtors; and

5      h.  Barney Ng has an unsecured claim of approximately $35 to $36 million, that
6  he intends to subordinate to other unsecured claims.

7      12.  The first application to employ the Applicant was filed on September 8,
8  2010, forty-nine (49) days after the petitions were filed.

## AUTHORITIES

10  Section 327(e) authorizes the Debtors, as debtors-in-possession, to employ "for
11  a specified special purpose, other than to represent the [Debtors] in conducting the
12  case, an attorney that has represented the debtor, if in the best interest of the estate,
13  and if such attorney does not represent or hold any interest adverse to the debtor or the
14  estate with respect to the matter on which such attorney is to be employed."

15  Generally speaking, Subsection (e) of Section 327, allows for the employment of
16  attorneys who may not be disinterested, as required by Subsection (a), because of their
17  prior employment by the debtor.  However, special purpose attorneys may only be
18  hired: 1) for a specified special purpose; 2) who do not "represent or hold any interest
19  adverse to the debtor or the estate" with respect to such special purpose; and 3) when it
20  is in the best interest of the estate.

21  "This subsection does not authorize the employment of the debtor's attorney to
22  represent the estate generally or to represent the trustee in the conduct of the
23  bankruptcy."  HR Rep No 595, 95th Cong, 1st Sess 328 (1977); S Rep No. 989, 95th
24  Cong, 2d Sess 38-39 (1978).

25  "When an attorney is not disinterested but purports to act under the exception of
26  section 327(e), approval by the court must be explicit; it cannot take the form of silent
27  acquiescence by the court."  3 Collier On Bankruptcy par. 327.04[9][d], pg. 327-64 (Alan
28  N. Resnick & Henry J. Sommer eds., 15th ed. rev.); citing, In re D.L. Enters., 89 B.R.

107 (Bankr. C.D. Cal. 1988).

The term "disinterested person" means a person that is NOT an insider. 11 U.S.C. § 101(14)(A). An "insider", if the debtor is a corporation includes a "relative of a general partner, director, officer, or person in control of the debtor." 11 U.S.C. § 101(31)(C)(vi). The term "relative" means individual related by affinity or consanguinity within the third degree. 11 U.S.C. § 101(45).

The term "adverse interest" is not defined by the Code. However, by judicial definition, "to hold an adverse interest" means (i) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (ii) to possess a predisposition under circumstances that render such bias against the estate. In re American Printers, 148 B.R. 862 (Bankr. N.D. Ill. 1992). Collier on Bankruptcy par. 327.04[2][a] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.).

Collier states:

> Professional persons employed by the trustee should be free of any conflicting interest which might in view of the trustee or the bankruptcy court, affect the performance of their services or which might impair the high degree of impartiality and detached judgment expected of them during the administration of the case.

3 Collier on Bankruptcy, par. 327.04[3][a], pg. 327-31 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.).

## APPLICATION OF AUTHORITIES TO THE RELEVANT FACTS

A professional in a bankruptcy case should not be put in the position of having to divide his loyalties. Matthew Kelly, as Barney Ng's son-in-law, is an insider and therefore is NOT a disinterested person. 11 U.S.C. §§ 101(14)(A), 101(31)(C)(vi), and 101(45). "When an attorney is not disinterested but purports to act under the exception of section 327(e), approval by the court must be explicit" as to the attorney's special purpose. 3 Collier On Bankruptcy par. 327.04[9][d], pg. 327-64 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.); citing, In re D.L. Enters., 89 B.R. 107 (Bankr. C.D. Cal. 1988).

The Application states that Applicant was retained "to render general legal advice and to act as 'in-house' general counsel." Docket #146, pg. 3, lls. 21-22. The Application goes on to state that the Applicant will continue to "Serve as general counsel to oversee administration of the Debtors' hotel, spa and casino ... Advise the Debtors on business transactions; ... Conduct any administrative or other litigation related to the foregoing; and Perform other related non-bankruptcy, corporate legal services required for the administration of these estates." Docket #146, pgs. 4-5.

This is not the explicit special purpose that is required for approval of employment pursuant to Section 327(e).

The Application and the accompanying verified statement of Applicant and Barney Ng, do not adequately disclose the significant connections between the Applicant, Barney Ng, and Walter Ng.

For example, the Declaration of Applicant does not disclose his long standing and continued representation of Barney Ng. Additionally, Applicant gave a less than full disclosure that his "four years working in-house for one of California's largest private commercial real estate lenders" was Bar-K, Inc., a company that is owned by Barney Ng and that also involved Barney Ng, Walter Ng and Barney Ng's brother. Docket # 147, pg.3, lls. 1-2. Applicant's statement that he "is a disinterested person as that term is defined in 11 U.S.C. § 101(14)," shows a lack of understanding of and appreciation for the requirements of disclosure by professionals working for a bankruptcy estate.

It is not in the best interests of these estates to employ as "general in-house counsel" a member of the Ng immediate family. The actual and potential conflicts, hard feelings, and family complications are unnecessary and do not foster the reorganization effort for these Debtors. Applicant's legal abilities are not unique or extraordinary enough to warrant over looking the obvious concerns regarding his allegiance to his family over the interests of the estates.

Finally, retroactive or "nunc pro tunc" employment is only allowed under "exceptional circumstances" in the Ninth Circuit. Atkins v. Wain, Samuel & Co. (In re

Atkins), 69 F.3d 970 (9th Cir. 1995). To establish "exceptional circumstances," professionals must establish two requirements: 1) a satisfactory explanation for their failure to obtain approval; and 2) proof of a significant benefit to the estate from their services. Id. at 974. Negligence or inadvertence does not constitute an exceptional circumstance. In re Shirley, 134 B.R. 940, 943-44 (9th Cir. BAP 1992); In re The Music Store, Inc., 241 B.R. 752, 754 (Bankr. N.D. Okla. 1999); In re Kroeger Properties and Development Inc.., 57 B.R. 821, 823 (9th Cir. BAP 1986) (There is no unjust hardship in requiring attorneys to observe the strict requirements of Section 327 because professionals are charged with knowledge of the law); In re Downtown Investment Club III, 89 B.R. 59, 62 (9th Cir. BAP 1988) (A nunc pro tunc order is improperly sought when the failure to seek employment is due to an attorney's negligence or inadvertence); In re Crook, 79 B.R. 475, 479 (9th Cir. BAP 1987) (Retroactive employment is not proper where counsel's conduct exhibits at best negligence and, at worst, complete disregard for the Bankruptcy Code's requirement to obtain court approval prior to commencing work as a professional for the debtor).

The first application to employ the Applicant was filed on September 8, 2010, forty-nine (49) days after the petitions were filed. Approval of employment should not be granted any earlier than the date the Application was filed.

## CONCLUSION

WHEREFORE, the US Trustee respectfully requests the Court deny the Application and grant such other relief as the Court deems proper.

DATED this 20th day of October, 2010.

> Nicholas Strozza
> State Bar # CA 117234
> William B. Cossitt
> State Bar #3484
> 300 Booth Street, #3009
> Reno NV 89509
> (775) 784-5335
>
> **/s/ WILLIAM B. COSSITT**
> _____
> Attorneys for Acting United States
> Trustee, August B. Landis

**CERTIFICATE OF SERVICE**

1. On October 20, 2010 I served the foregoing US TRUSTEE'S OBJECTION TO EMPLOYMENT OF KELLY LAW GROUP LLP AS SPECIAL CORPORATE COUNSEL

2. I served the above-named document( by the following means to the persons as listed below:

   ☐   a. ECF System:

   DENNIS L. BELCOURT DBelcourt@ag.nv.gov, SJohnson@ag.nv.gov

   JANET L. CHUBB tbw@jonesvargas.com

   THOMAS H. FELL BANKRUPTCYNOTICES@GORDONSILVER.COM;bknotices@gordonsilver.com

   LUCAS GJOVIG lmgjovig@duanemorris.com, jldailey@duanemorris.com;bsrudolph@duanemorris.com

   GREGORY K JONES gjones@stutman.com, jstern@stutman.com

   JAMES A KOHL jak@h2law.com, sgeorge@howardandhoward.com

   JEANETTE E. MCPHERSON bkfilings@s-mlaw.com

   JOHN F MURTHA jmurtha@woodburnandwedge.com

   ARAM ORDUBEGIAN ordubegian.aram@arentfox.com

   MICHAEL A.T. PAGNI mpagni@mcdonaldcarano.com, mnichols@mcdonaldcarano.com

   JENNIFER A. SMITH cobrien@lionelsawyer.com, bklscr@lionelsawyer.com

   U.S. TRUSTEE - RN - 11 USTPRegion17.RE.ECF@usdoj.gov

   MICHAEL EDWARD WILSON mwilson@ag.nv.gov

   JAMES A KOHL jak@h2law.com, sgeorge@howardandhoward.com
   ARAM ORDUBEGIAN ordubegian.aram@arentfox.com

   ☐   b. U.S. Mail, postage fully prepaid (list persons and addresses):


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed:   October 20, 2010.

**/s/ Robbin Little**
ROBBIN LITTLE



Siena Hotel Spa Casino

CK HISTORY REPORT

*SORTED BY CHECK NUMBER*

04/01/10    TO: 07/31/10

BANK

| CHECK NUMBER | DATE | NUMBER | NAME | CHECK AMOUNT | |
|---|---|---|---|---|---|
| 047494 | 07/19/10 | 00 - 2862992 | SYSCO FOOD SERVICE OF SACRAMEN | 3,554.11 | |
| 047495 | 07/19/10 | 00 - 3610744 | TAVERN PRODUCTS COMPANY | 508.25 | |
| 047496 | 07/19/10 | 00 - 4172994 | US FOOD SERVICE # 33740416 | 981.72 | |
| 047497 | 07/19/10 | 00 - 4245599 | BONANZA PRODUCE COMPANY | 1,501.70 | |
| 047498 | 07/19/10 | 00 - 4875238 | MORREY DISTRIBUTING CO. | 376.00 | |
| 047499 | 07/19/10 | 00 - 4893252 | BAKEMARK | 1,128.58 | |
| 047500 | 07/19/10 | 00 - 6545060 | NEVADA SEAFOOD COMPANY | 613.20 | |
| 047501 | 07/19/10 | 00 - PRAML | PRAML INTERNATIONAL | 404.05 | |
| 047502 | 07/19/10 | 00 - SMART | SMART & FINAL | 211.87 | |
| 047503 | 07/19/10 | 03 - EMMA | EMMA EMAIL MARKETING | 1,300.34 | |
| 047504 | 07/19/10 | 00 - 6545060 | NEVADA SEAFOOD COMPANY | 500.00 | (MANUAL) |
| 047505 | 07/19/10 | 00 - 4893252 | BAKEMARK | 500.00 | (MANUAL) |
| 047506 | 07/20/10 | 03 - RTTONIG | RENO TAHOE TONIGHT | 250.00 | |
| 047507 | 07/21/10 | 03 - ELEVER | ELEVER | 5,848.08 | |
| 047508 | 07/21/10 | 03 - BULLIVA | BULLIVANT, HOUSER, BAILY | 5,000.00 | |
| 047509 | 07/21/10 | 03 - DANIELG | DANIEL GUERRERO | 1,200.00 | |
| 047510 | 07/21/10 | 03 - KELLYLA | Kelly Law Group - Matt Kelly | 4,656.70 | |
| 047511 | 07/21/10 | 03 - ONSITE | ONSITE CONSULTING | 15,000.00 | |
| 047512 | 07/21/10 | 03 - KCOPHER | KMC, INC. | 5,000.00 | (MANUAL) |
| 047513 | 07/21/10 | 07 - ROAD921 | ROAD REBEL | 430.70 | |

BANK A TOTAL:    1,830,654.53





Date: July 22, 2010

**Attorney-Client Communication**

Mr. Barney Ng, Manager
Wild Game Ng, LLC d/b/a/ Siena Hotel Spa Casino
One South Lake Street
Reno, NV 89501

Re:   Engagement Letter

Dear Mr. Ng,

This letter will set out the details of our relationship, our agreement for the legal services to be provided, and the fees and costs relating to such services. If this letter accurately describes the services we are to perform for you and the terms for payment of the resulting legal fees and expenses that you will incur, please countersign one of the duplicate originals of this letter and return it to us. This agreement will not take effect, and we will have no obligation to provide legal services, until you return a fully executed copy to us.

Scope of Representation. Wild Game Ng, LLC ("Siena") has retained us to provide general legal counseling on all matters related to the Siena, to serve as the central point of contact for all legal matters, to coordinate outside counsel with respect to ongoing litigation and regulatory matters, and to appear on behalf of the Siena when necessary.

These services include analysis and consultation to confirm the appropriateness of the product provided. The services also include preparation of required and related documents. Unless otherwise mutually agreed in writing, our services do not include any other transactional documents.

If you wish that we provide any legal services not covered by this agreement, a separate written agreement between you and us may be required. Any such additional services will be provided on the terms and at the rates described in this agreement unless covered by a separate written agreement.

We will perform the legal services called for under this agreement, keep you informed of progress and developments, and respond promptly to your inquiries and communications. You will cooperate with us to the extent necessary to complete the services described in this letter; keep us reasonably informed of developments, changes in your legal status, and your address, telephone numbers, and whereabouts; and timely make any payments required by this agreement.



Fees. You will pay us attorney fees for the legal services provided under this agreement at the flat rate of **$7,000.00 dollars** per month. The flat rate fee described above is for all activities undertaken in providing legal services to you under this agreement, including but not limited to the following: conferences (including preparation and participation), review and preparation of correspondence and legal documents, legal research, attendance at hearings, telephone conversations, and meetings. The fees do not include any extraordinary expenses such as travel and airfare. In the event we incur extraordinary expenses, we will submit a separate invoice for reimbursement. Invoices will be submitted bi-weekly and payment must be received with 14 days from receipt.

Arbitration of Fee Disputes. If there is any disagreement between the parties to this agreement concerning fees, this agreement, or any other claim, including a claim of attorney malpractice, relating to your legal matter that arises out of your legal representation, you agree to submit that dispute to binding arbitration under the rules of JAMS. The prevailing party will be entitled to reasonable attorney fees and costs incurred in enforcing any arbitration award or engaging in any court proceedings. You and Kelly Law Group LLP agree exclusively and irrevocably to submit to arbitration in Oakland, California.

Document Retention. It is our policy to retain and ultimately destroy all files, documents, records, and writings related to each engagement for which we have been retained without notifying clients or former clients of the destruction of these items. Therefore, to be certain that we have not retained any material that you may need or desire, we will return to you all original documents you made available to us (together with copies of any other files, documents, records, and writings relating to this engagement) if you instruct us in writing within 90 days after our mailing to you of our letter informing you that we have completed our services within the terms of this agreement.

Tax Advice. Our firm has not been retained to provide you with any tax advice. Therefore, you should consult with your tax advisers about this matter and have them contact us so that we can coordinate our services with theirs consistent with your stated objectives.

Withdrawal and Termination. Our firm reserves the right to withdraw from representing you if you fail to follow the terms of this agreement, if you have misrepresented or failed to disclose material facts to the firm, or if you choose not to follow our advice. Our representation will automatically terminate upon conclusion of the matter for which we were retained. Should you desire further services from us, we will enter into a separate agreement.

Consent to Use of Email. In order to provide you with efficient and convenient legal services, at times we may contact you and transmit important documents through email. Because the use of email continues to evolve, there may be risks, including risks related



to confidentiality and security issues, in communicating through the use of email. By signing this engagement letter, you are authorizing us to contact you and your representative and agents, and to transmit documents through email.

Conflicts. We do not believe, based on the information you have provided us, that our representation of you currently involves any objectionable conflicts of interest.

We are excited that you have chosen Kelly Law Group, LLP and we really look forward to working with you on this matter.

Very truly yours,

Matthew Kelly
KELLY LAW GROUP, LLP

CONSENT

The undersigned has read the foregoing terms for the provision of legal services by Kelly Law Group, LLP and agrees to these terms and conditions.

WILD GAME NG, LLC

Date: 7/22/2010

By: Barney Ng

Its: OWNER / MANAGER