CHRISTOPHER ASHWORTH (SBN 54889)
SILICON VALLEY LAW GROUP
A Law Corporation
25 Metro Drive, Suite 600
San Jose, CA  95110
Telephone:    (408) 573-5700
Facsimile:     (408) 573-5701
Email: ca@svlg.com

Attorneys for Movant Aimee Kline

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: HI-FIVE ENTERPRISES, LLC | CASE NO. BK: 10-54013 |
| | Adv. #: N/A |
| | Chapter 11 |
| Debtor(s) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Movant Aimee Kline [Kline] applies to this court for an order granting her relief from the automatic stay in the following premises:

1. Kline is the plaintiff in a case pending in the Santa Clara Superior Court of the State of California. The case is styled *Kline v. Sysco Food Services of Sacramento, Inc. [Sysco] and Wild Game Ng, LLC [W/G]* in Case Number 108 CV 104899 filed July 30, 2008 [Santa Clara Action].

2. W/G filed for protection under the Bankruptcy Act on July 21, 2010 in Case Number 10-48272 then pending in the Northern District of California. Kline was not listed on the schedule of creditors and received no notice of W/G's filing. The W/G California bankruptcy was transferred to this court on October 1, 2010 and is evidently consolidated with, *inter alia*, the above-captioned matter.

3. Kline's Santa Clara Action is set for trial on November 8, 2010, six days hence.

4. Counsel for Kline, the undersigned, did not discover the existence of the W/G bankruptcy

Silicon Valley Law Group
25 Metro Drive
Suite 600
San Jose, CA 95110
(408) 573-5700

Page 1
10322640    MOTION FOR RELIEF FROM AUTOMATIC STAY

until November 1, 2010. If the matter had proceeded to trial on November 8, the result would be a void judgment against W/G and the casting of the entire burden of liability on Sysco.

5. The trial in the Santa Clara Action has already been continued twice and the matter has been pending nearly a year longer than cases of like kind in Santa Clara County.

6. W/G is insured against liability in the Santa Clara Action by Fireman's Fund Insurance Company (policy # 8-17-MXC-80430093) for the asserted liability creating events (strict product liability). No issues relating to a deductible amount are implicated. Kline will waive any amount in excess of the policy limit ($5,000,000). Indeed, no conceivable judgment in the case would come within the proverbial cannon shot of policy limits.

7. All of the parties to the Santa Clara Action are prepared to try this long-overdue matter.

8. Kline would suffer significant prejudice if her Santa Clara Action cannot be tried. Without relief from the automatic stay, the Santa Clara Action will be stayed by the Santa Clara Superior Court and await an indefinite time to move again to a trial setting calendar. A delay of at least six months is likely to eventuate.

9. **Efforts to Obtain Stipulation.** On November 1, 2010 counsel for Kline contacted Andy Sung Kong of Arent Fox LLP bankruptcy counsel for W/G. Mr. Kong would not stipulate to relief from stay on his own authority. Mr. Kong indicated that he would "have to check" with the client (presumably the trustee) and Mr. Barney Ng (not a party) and "the committee" (presumably the creditors committee). Mr. Kong suggested that counsel for Kline "circulate" a proposed stipulation. As a matter of form, this has been done. Counsel for Kline perceives that the invitation to circulate a stipulation would entail (a) more time than is available and (b) a strategic denial.

## ARGUMENT

As a general rule, the filing of a bankruptcy petition operates to stay litigation involving prepetition claims against the debtor. (*Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.* (1986) 474 U.S. 494,503.) However, the automatic stay can be lifted, so long as an interested party can demonstrate "cause." 11 U.S.C. §362(d)(1). The Ninth Circuit has explained that "[b]ecause there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." (*MacDonald v. MacDonald (In re MacDonald)* (9th Cir. 1985) 755 F.2d 715,717; see also *Egwineke v. Robertson (In re Robertson)* (N.D. Ga 2000) 244 B.R. 880, 882;

Silicon Valley Law Group
25 Metro Drive
Suite 600
San Jose, CA 95110
(408) 573-5700

10322640
Page 2
MOTION FOR RELIEF FROM AUTOMATIC STAY

*Baldino v. Wilson (In re Wilson)* (3d Cir. 1997) 116 F.3d 87,90.) The decision whether to grant relief from stay is "within the broad discretion of the bankruptcy court." (*Truebro, Inc. V. Plumberex Specialty Prods., Inc.*) (C.D. Cal. 2004) 311 B.R. 551,558).) As the Ninth Circuit has confirmed, relief from stay may be granted to allow litigation pending in another forum to proceed to conclusion. (See, e.g., *Packerland Packing Co. V. Griffith Beverage Co. (In re Kimble)* (9th Cir. 1985) 776 F.d2 802, 807.) Where litigation is pending, courts may weigh twelve nonexclusive factors, known as "*Curtis*" factors, in deciding whether to grant relief from an automatic stay. *In re Plumberex* 311 B.R. at 559(quoting *In re Curtis* (D. Utah 1984) 40 B.R. 795, 799-800).)

Not every factor will be relevant in every case, and a court is not required to give each factor equal weight. (*Id.* at 560.) Typically, only *Curtis* Factors One, Two, Five, Seven, Ten and sometimes Twelve are relevant to the Court's determination related to an insured party in an injury case.

**Complete Resolution.** *Curtis* Factor One asks whether permitting relief from the stay would result in complete resolution of the issues between the parties. (See *In re Plumberex* 311 B.R. at 559, 562.) Here, this factor obviously weighs in favor of relieving the stay. Indeed, the *only* issue between movant/plaintiff and debtor/defendant is the underlying personal injury action. If the relief is granted and movant/plaintiff can litigate her personal injury action to conclusion, the relationship between parties will be over and each can move forward with their respective endeavors.

**No Connection with Bankruptcy Proceedings.** *Curtis* Factor Two favors relief from the stay where the state court proceedings are not connected or would not interfere, with the bankruptcy proceedings. (See *In re Plumberex,* 311 B.R. at 559, 561-62.) This factor again favors relief from the stay. Kline will give up seeking personal assets of the defendant and only proceed against the insurance proceeds. This way, the personal injury action is in no way related to the bankruptcy action. Thus, the personal injury action in no way relates to, nor would it in any way interfere with, the bankruptcy proceedings.

**Debtor's Insurance Carrier.** *Curtis* Factor Five looks to whether a debtor's insurance carrier has assumed full responsibility for defending the litigation. (See *In re Plumberex,* 311 B.R. at 559.) The debtor/defendant will not suffer financially at all from defending the personal injury action, and thus this factor also weighs strongly in favor of lifting the stay. (*Foust v. Munson S. S. Lines* (1936) 299 U.S. 77, 87-88 (bankruptcy injunction should be lifted to permit wrongful death suit to go

Silicon Valley
Law Group
25 Metro Drive
Suite 600
San Jose, CA 95110
(408) 573-5700

forward since claimant's only interest is establishing liability under the existing insurance policy); *Holtkamp v. Littlefield (In re Hotlkamp)* (7th Cir. 1982 669 F.2d 505, 508) (stay lifted to allow civil action to go forward since bankruptcy estate not jeopardized, as insurer assumed full financial responsibility for defending litigation); *Elliot v. Hardison* (E.D. Va. 1982) 25 B.R. 305, 308 ("Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff."(quoting 2 Collier on Bankruptcy ¶ 362.07(3) (15th ed. 1980)).

**Interests of Other Creditors Not Prejudiced.** *Curtis* Factor Seven examines whether the state court litigation would prejudice the interests of other creditors or interested parties. (See *In re Plumberex*, 311 B.R. at 559, 562.) In personal injury matters involving insurance, there is clearly no possibility of prejudice to other creditors. The movant/plaintiff in the injury case seeks to recover only from debtor/defendant's insurance carrier, and thus any recovery plaintiff receives in the personal injury action can have no impact on the defendant's assets, and thus no impact on other creditors or similarly interested parties.

**Judicial Economy.** *Curtis* Factor Ten asks whether the interests of judicial economy and expeditious resolution of the issues would be served by relief from the stay. (See *In re Plumberex*, 311 B.R. at 559.) The personal injury litigation is already well underway in state court (indeed, trial is set for six days from the drafting of this pleading), and it would be decidedly *in*effecient to halt it due to the bankruptcy proceedings. Moreover, requiring a bankruptcy judge to determine discreet personal injury claims, which turn on state law, would not promote judicial economy.

**Conclusion.** For all of the reasons set forth above, the court should grant the motion for relief from the automatic stay in accordance with the form of order submitted concurrently herewith.

DATED: NOVEMBER 2, 2010            SILICON VALLEY LAW GROUP
                                   By _____
                                   CHRISTOPHER ASHWORTH

Silicon Valley
Law Group
25 Metro Drive
Suite 600
San Jose, CA 95110
(408) 573-5700

10322640    Page 4
MOTION FOR RELIEF FROM AUTOMATIC STAY

In re: **HIGH-FIVE ENTERPRISES, LLC**
U. S. Bankruptcy Court, District of Nevada, Case No. BK 10-54013

### CERTIFICATE OF SERVICE

On November 2, 2010, I served the following document(s):

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

I served the above-named document(s) by the following means to the persons as listed below:

__ a.  **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

_x_ b.  **United States mail, postage fully prepaid** *(List persons and addresses. Attach additional paper if necessary)*

| Scott D. Miller<br>Law Offices of Scott D. Miller<br>17701 Cowan, Ste. 150<br>Irvine, CA 92614<br><br>*Attorney for Defendant Sysco Food Systems of Sacramento, Inc.* | Andy Sung Kong<br>Arent Fox LLP<br>555 W. 5th St., 48th Floor<br>Los Angeles, CA 90013<br><br>*Attorney for Debtor Wild Game Ng, LLC* | Heidi C. Quan<br>Murchison & Cumming, LLP<br>2010 Crow Canyon Pl., Ste. 380<br>San Ramon, CA 94583<br><br>*Attorney for Defendant Wild Game Ng, LLC* |
|---|---|---|

__ c.  **Personal Service** *(List persons and addresses. Attach additional paper if necessary)*

I personally delivered the document(s) to the persons at these addresses:

__ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

__ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

Silicon Valley
Law Group
25 Metro Drive
Suite 600
San Jose, CA 95110
(408) 573-5700

10322571                    Page 2
CERTIFICATE OF SERVICE

**_x_ d. By direct email (as opposed to through the ECF System)**

*(List persons and email addresses. Attach additional paper if necessary)*

Based upon written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful:

| Scott D. Miller: | Andy Sung Kong: | Heidi C. Quan: |
|---|---|---|
| smiller@sdmillerlaw.com | kong.andy@arentfox.com | hquan@murchisonlaw.com |

**__ e. By fax transmission** *(List persons and fax numbers. Attach additional papers if necessary)*

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

**__ f. By messenger** *(List persons and addresses. Attach additional paper if necessary)*

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. *(A declaration by the messenger must be attached to this Certificate of Service).*

I declare under penalty of perjury that the foregoing is true and correct.

Signed on (date): November 2, 2010

Alyssa Torres                                    Signature of Declarant

NV_7005 (crt_svc)

Silicon Valley Law Group
25 Metro Drive
Suite 600
San Jose, CA 95110
(408) 573-5700

10322571                                     Page 3
**CERTIFICATE OF SERVICE**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: HI-FIVE ENTERPRISES, LLC | CASE NO. BK: 10-54013 |
| | Adv. #: N/A |
| | Chapter 11 |
| Debtor(s) | |

**[PROPOSED] ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

The court hereby grants the motion for an order seeking relief from the automatic stay filed by Movant Aimee Kline.

**IT IS FURTHER ORDERED**

1. That the relief here granted is confined to the prosecution of that certain action styled *Kline v. Sysco Food Services of Sacramento, Inc. and Wild Game Ng, LLC* in Case Number 108 CV 104899 [the Santa Clara Action] filed July 30, 2008 in the Superior Court for the State of California in and for the County of Santa Clara, and any appellate proceedings emanating therefrom.

2. Any relief obtained by Movant against debtor Wild Game Ng LLC in the Santa Clara Action must be confined to insurance proceeds and not from any other property of the debtor.

Dated: November __, 2010

_____
United States Bankruptcy Judge

Silicon Valley Law Group
25 Metro Drive
Suite 600
San Jose, CA 95110
(408) 573-5700

Page 1
10322648    [PROPOSED] ORDER GRANTING RELIEF FROM AUTOMATIC STAY