1

2

3

4

**Entered on Docket**
**November 17, 2010**

_____
Hon. Gregg W. Zive
United States Bankruptcy Judge

5   Aram Ordubegian (CA Bar No. 185142)
*(Pro Hac Admission Pending)*

6   Andy S. Kong (CA Bar No. 243933)
**ARENT FOX LLP**

7   555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065

8   Telephone:   213.629.7400
Facsimile:    213.629.7401

9   Email:        ordubegian.aram@arentfox.com

10                  kong.andy@arentfox.com

11  General Bankruptcy and Restructuring Attorneys
for Debtors and Debtors-in-Possession

12

13           **UNITED STATES BANKRUPTCY COURT**

14                    **DISTRICT OF NEVADA**
                      **RENO DIVISION**

15

16  In re:                                    Case No.: 10-bk-54013-GWZ

17  **HI-FIVE ENTERPRISES, LLC**, a           [Jointly Administered]
    California limited liability company;
    **ONE SOUTH LAKE STREET,**                Chapter 11

18  **LLC**, a Nevada limited liability
    company; and **WILD GAME NG,**            **ORDER GRANTING DEBTORS AND**

19  **LLC**, a Nevada limited liability       **DEBTORS-IN-POSSESSION'S MOTION**
    company d/b/a The Siena Hotel Spa &       **FOR AN ORDER:**

20  Casino,
                                              **APPROVING AND AUTHORIZING THE**
21                  Debtors and              **SALE BY AUCTION OF THE DEBTORS'**
                    Debtors-                  **REAL AND PERSONAL PROPERTY**
22                  In-Possession.           **FREE AND CLEAR OF LIENS, CLAIMS,**
                                              **AND ENCUMBRANCES, SUBJECT TO**
23  _____            **HIGHER AND BETTER OFFERS;  AND**
                                              **RELATED RELIEF**
24  [ ]  Affects all Debtors

25  [ ]  Applies only to Hi-Five
         Enterprises, LLC

26  [X] Applies only to One South Lake
        Street, LLC

27

28  [X] Applies only to Wild Game Ng,
        LLC

LA/360102.1

Hearing:
Date:    November 10, 2010
Time:    1:00 p.m.
Place:   300 Booth Street,
         Courtroom 3
         Reno, NV 89509

**IN THIS DISTRICT, AT RENO, NEVADA, ON THE DATE INDICATED BELOW:**

On November 10, 2010 at 1:00 p.m., a hearing was held before the Honorable Gregg W. Zive, United States Bankruptcy Judge, to consider the *Emergency Motion for an Order: (1) Establishing Auction Procedures with Respect to the Sale of the Debtors' Real and Personal Property; (2) Approving and Authorizing the Sale by Auction of the Debtors' Real and Personal Property Free and Clear of Liens, Claims, and Encumbrances, Subject to Higher and Better Offers; (3) Approving Assumption and Assignment of Certain Unexpired Leases and Executory Contracts and Determining Cure Amounts, or, in the Alternative, Approving the Rejection of Unexpired Leases and Executory Contracts; (4) Approving the Form and Manner of Notice; and (5) Approving the Addendum to Innovation Capital LLC's Engagement Letter Dated October 28, 2010* [Docket No. 190] (the "Motion"), filed by One South Lake Street, LLC and Wild Game Ng, LLC, the debtors and debtors-in-possession (the "Debtors") in the above-captioned cases (the "Cases").[1]  The Debtors appeared through their counsel of record, Aram Ordubegian and Andy S. Kong of Arent Fox LLP.  All other appearances were made at the hearing as set forth on the record of the Court.

The Court has considered the Motion, all pleadings filed by the Debtors in support of the Motion, all responsive and opposition pleadings, the statements, arguments and representations of the parties made at the hearing on the Motion.  The Court previously approved auction procedures on the record in open court.   A public auction was conducted on November 10, 2010, after which the Court stated its findings of fact and conclusions of law on the record in open Court on November 10, 2010 and they are hereby incorporated into this Order.  Good cause exists for entry of this Order,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Motion is **GRANTED** to the extent set forth herein.

---

[1] All capitalized terms used herein shall have the meaning ascribed to them in the Motion unless otherwise defined.

1        2.        Pursuant to 11 U.S.C. § 363(b) and (f), the Debtors are authorized to sell

2    and transfer the following property (hereinafter, collectively, the "Property", but the term

3    "Property" expressly excludes the Excluded Items, defined below) to Grand Siena, LLC,

4    a Nevada limited liability company (the "Buyer") for $3,900,000.00, or to the back-up

5    bidder Stratus West, LLC, a Nevada limited liability company (the "Back-Up Bidder"

6    and, together with the Buyer, collectively referred to as the "Successful Bidder"), if Buyer

7    fails to timely close the auction sale (the "Auction Sale") pursuant to paragraph 5 below:

8        a.        The real property commonly known as the Siena Hotel Spa & Casino

9    located at 1 South Lake Street, Reno, NV 89501 and the adjacent parking lot property and

10    expansion property in Reno, Nevada (the legal description of which is set forth on

11    Exhibit "A" attached hereto: the "Real Property") and;

12        b.        The personal property of Wild Game NG, LLC ("Wild Game") located at

13    the Real Property, but **excluding**: (i) any computer, equipment, gaming device, software,

14    intellectual property, license, manual, record, or any other tangible or intangible property

15    in which Konami Gaming, Inc. ("Konami") has any interest whatsoever whether as

16    owner, licensor, lessor, secured party, or otherwise (the "Konami Property") and (ii) all

17    litigation rights of the above-captioned estates.  The items described in (i) and (ii) above

18    are hereinafter collectively called the "Excluded Items".

19        **Notwithstanding anything to the contrary contained in the Motion, or in any**

20    ***Real and Personal Property Purchase and Sale Agreement* (the "Sale Agreement"), a**

21    **copy of which is attached hereto as Exhibit "B", or in any exhibit, schedule,**

22    **document, or instrument, the Debtors shall not sell any of the Excluded Items to the**

23    **Successful Bidder.**

24        3.        The Debtors are authorized and directed to take any and all actions

25    necessary or appropriate to (i) consummate the sale of the Property to the Successful

26    Bidder in accordance with Sale Agreement and this Order, (ii) consummate the closing

27    (the "Closing") of the transactions contemplated in the Sale Agreement and this Order in

28    accordance with such documents; and (iii) take any and all further actions, as may be

reasonably necessary to consummate any of the transactions contemplated in this Order and in accordance with the Sale Agreement and this Order.

4.      Successful Bidder shall adopt the Debtors' privacy policies, if any, with respect to any "personally identifiable information" as defined under 11 U.S.C. § 101(41A), of the Debtors' customers contained in customer accounts or customer lists that may be conveyed and otherwise transferred to the Successful Bidder.

5.      Stratus West, LLC, a Nevada limited liability company, shall serve as the Back-Up Bidder (as that term is defined in the Motion) for the Property in the amount of $3,800,000, less its $250,000 deposit, in the event the Buyer does not timely close the Auction Sale as contemplated in the Motion and Sale Agreement.

6.      The sale of the Property to the Successful Bidder in accordance with this Order shall be free and clear of all liens, liabilities, claims and other interests of any kind and nature (collectively, "Claims"), to the fullest extent permitted under 11 U.S.C. § 363(f), with any such liens to attach to the proceeds (the "Sale Proceeds") paid to the Debtors to the same extent, priority, and validity as they did with respect to the Property prior to the sale of the Property.

7.      The Debtors are authorized to pay the usual and customary closing costs and a schedule of such costs shall be provided to R.E. Reno, LLC, the Office of the United States Trustee, and the Official Committee of Unsecured Creditors (the "Consultation Parties") before they are paid.  The remaining net Sale Proceeds, including the transaction fee to Innovation Capital, LLC, shall be kept in escrow with Northern Nevada Title Company or a comparable escrow company, after consultation with the Consultation Parties, until further order of this Court.

8.      Northern Nevada Title Company or any subsequent escrow company, as the case may be, and the Debtors are hereby authorized to return any deposit(s) previously provided by any potential bidder that is not the Successful Bidder.

9.      All rights to the Sale Proceeds including, without limitation, the proper allocation and/or division of the Sale Proceeds, shall be reserved by all parties-in-interest.

10.     There shall be no distribution of the Sale Proceeds (except for the customary closing costs described in paragraph 7, above) absent further order of the Court.

11.     The Debtors are authorized, at their sole discretion, to pay any and all real property taxes and other obligations with  liens on the Property that are senior to the R.E. Reno, LLC lien from the net Sale Proceeds, after providing the Consultation Parties with a schedule of such proposed payments.

12.     The Debtors are authorized to reject (the "Rejection"), at their sole discretion, any and all unexpired leases and executory contracts (the "Unexpired Contracts and Leases") pursuant to 11 U.S.C. § 365, without further order of the Court and without prejudice to any party-in-interest thereto but upon the filing with the Court and service of a notice of Rejection upon the non-debtor party to such Unexpired Contracts and Leases. The Rejection shall be effective as of the Petition Date of July 21, 2010.  Nothing in this Order shall restrict or impair the filing and/or allowance of administrative expense claims of any non-debtor party.

13.     Any and all issues with respect to the Unexpired Contracts and Leases including, without limitation, the cure requirements of 11 U.S.C. § 365(b)(1)(A), assignment under 11 U.S.C. § 365(b)(1), the proper characterization or classification of the Unexpired Contracts and Leases, and leasehold or ownership interest in and to the Unexpired Contracts and Leases, shall be expressly reserved by the parties-in-interest thereto.

14.     The Successful Bidder's purchase of the Property constitutes a purchase in good faith within the meaning of 11 U.S.C. § 363(m), and the Successful Bidder is entitled to and shall have the protections afforded by that section.  The reversal or modification on appeal of this Order, or any provision thereof, shall not diminish or impair the effectiveness of the sale of the Property approved hereby.

15.     The consideration provided by the Successful Bidder for the Property shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code.

LA/360102.1                                              - 6 -

16. The Successful Bidder and the Debtors have not engaged in any conduct that would allow the transactions contemplated in the Motion and/or the Sale Agreement to be set aside under 11 U.S.C. § 363(n).

17. The sale of the Property to the Successful Bidder constitutes a legal, valid and effective transfer, sale and assignment of the Property, and shall vest the Successful Bidder with all rights, title and interests of the Debtors and the above-captioned estates (the "Estates") in and to the Property, free and clear of any and all Claims.

18. From and after the date of entry of this Order, all persons or entities holding any claims, liens or interests of any kind or nature against the Debtors' Estates or with respect to the Property are hereby restrained and enjoined from taking or causing to be taken any action which would interfere with the transfer of the Property to the Successful Bidder pursuant to the Sale Agreement and such persons or entities shall be barred from asserting such claims, liens or interests against the Successful Bidder.

19. The Bankruptcy Court retains jurisdiction to: (a) interpret, implement and enforce the terms and conditions of this Order; and (b) resolve any disputes arising under or related to this Order.

20. Except as otherwise agreed by the parties to the Sale Agreement, the rights and obligations of the parties created under this Order shall not be modified or impaired by the terms of any plan of reorganization or liquidation or order confirming such plan, and shall survive confirmation of a plan and the closing of the Debtors' Chapter 11 cases.

21. The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors' Estates and creditors, the Successful Bidder, their respective successors and assigns (including, without limitation, any trustee appointed after the entry of this Order pursuant to 11 U.S.C. § 703) and any affected third parties.

22. The failure to approve explicitly any particular provision of the Sale Agreement in this Order shall not diminish or impair the efficacy of such provision, it

being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

23.    The 14-day stay period set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived.

24.    Buyer shall close escrow for the purchase of the Property not later than two (2) business days after entry of this Order.

25.    A certified copy of this Order may be recorded with the Official Records of Washoe County, Nevada, as necessary.


PRESENTED BY:

ARENT FOX LLP


*/s/ Aram Ordubegian*
ARAM ORDUBEGIAN
General Bankruptcy and Restructuring Counsel for
Debtors and Debtors-in-Possession

APPROVED AS TO FORM:

STUTMAN TREISTER & GLATT


By:    */s/ Eve H. Karasik [submitted w/ permission]*
EVE H. KARASIK
Counsel for R.E. RENO, LLC

DUANE MORRIS LLP


By:    */s/ Ron Olin [submitted w/ permission]*
RON OLINER
Counsel for Committee

1  HOWARD & HOWARD PLLC

2

3  By:   */s/ James A. Kohl [submitted w/ permission]*
       JAMES A. KOHL
4       Counsel for Konami Gaming, Inc.

5

6  LEWIS & ROCA LLP

7

8  By:   _____
       LAURY MACAULEY
9       Counsel for Buyer, Grand Siena, LLC

10

11  In accordance with Local Rule 9021, counsel submitting this document certifies as

12  follows (check one):

13  _____The court has waived the requirement of approval under LR 9021.

14  _____No parties appeared or filed written objections, and there is no trustee appointed in

15       this case.

16   _X_ I have delivered a copy of this proposed order to all counsel who appeared at the

17       hearing, any unrepresented parties who appeared at the hearing, and any trustee

18       appointed in this case, and each has approved or disapproved the order, or failed to

19       respond, as indicated below [list each party and whether the party has approved,

20       disapproved, or failed to respond to the document]:

21

22                                    # # #

23

24

25

26

27

28

1    HOWARD & HOWARD PLLC

2

3    By: _____

4        JAMES A. KOHL
         Counsel for Konami Gaming, Inc.

5

6    LEWIS & ROCA LLP

7

8    By: _____
         LAURY MACAULEY

9        Counsel for Buyer, Grand Siena, LLC

10

11    In accordance with Local Rule 9021, counsel submitting this document certifies as

12    follows (check one):

13    _____ The court has waived the requirement of approval under LR 9021.

14    _____ No parties appeared or filed written objections, and there is no trustee appointed in

15         this case.

16    _X_ I have delivered a copy of this proposed order to all counsel who appeared at the

17         hearing, any unrepresented parties who appeared at the hearing, and any trustee

18         appointed in this case, and each has approved or disapproved the order, or failed to

19         respond, as indicated below [list each party and whether the party has approved,

20         disapproved, or failed to respond to the document]:

21

22                                    # # #

23

24

25

26

27

28

LA/360102.1                           - 9 -

# EXHIBIT "A"

All that certain real property situate in the County of Washoe, State of Nevada, described as follows:

All that certain parcel of land situate in the SE ¼ of Section 11, T 19 N, R 19 E, M.D.M., City of Reno, County of Washoe, State of Nevada, being all that certain parcel as sown on Record of Survey No. 3881 for FIVE-WAY DEVELOPMENT, as filed in the Washoe County Recorder's Office under file No. 2519029 and being that Order of Abandonment of a portion of Center Street per Document No. 2507552 and being that Order of Abandonment portion of Mill Street per Document No. 2589530 and being a portion Block 4 of LAKE'S ADDITION TO THE TOWN, NOW CITY OF RENO, as filed in the Washoe County Recorder's Office on September 29, 1887, as Tract Map No. 53, said combined parcels being more particularly described as follows:

Beginning at the intersection of the North right of way line of Mill Street and the East right of way line of South Center Street as shown on said Record of Survey No. 3881; thence along the following twenty-four (24) courses;

1. N 17°07'16" W, 122.63 feet along the East right-of-way line of South Center Street (60.0' R/W) to the Southeast corner of said Order of Abandonment Document No. 2507552;
2. S 72°52'44" W, 5.50 feet along said abandonment;
3. N 17°07'16" W, 42.17 feet along said abandonment;
4. N 72°52'44" E, 5.50 feet along said abandonment to point on the West line of said Record of Survey No. 3881;
5. N 17°07'16" W, 29.08 feet to the mean high water line of the Truckee River as determined by Nevada Division of State Lands on January 27, 2000 and as shown on Record of Survey No. 3828 for Capital Salvage as filed in the Washoe County Recorder's Office under file No. 2472747;
6. N 69°17'28" E, 12.17 feet along said high water line;
7. N 40°49'16" E, 31.87 feet;
8. N 56°55'49" E, 45.43 feet;
9. N 70°00'36" E, 29.10 feet;
10. N 60°26'03" E, 47.52 feet;
11. N 67°34'36" E, 46.77 feet;
12. N 60°58'56" E, 57.99 feet;
13. N 70°41'11" E, 106.84 feet;
14. N 49°22'01" E, 1.12 feet along said high water line to the Westerly right of way line of Lake Street (60.0' R/W);
15. S 29°36'47" E, 40.50 feet along said right of way;
16. Along a tangent curve to the right having a radius of 570.00 feet, a central angle of 12°22'30", and an arc length of 123.11 feet along said right of way;
17. S 17°14'17" E, 94.88 feet along said right of way;
18. S 17°12'01" E, 60.00 feet to the Westerly right of way of Sinclair Street (60.0' R/W);
19. S 17°09'44" E, 150.07 feet along said right of way to the North right of way of State Street (60.0' R/W);
20. S 72°55'14" W, 291.87 feet along said right of way;
21. N 17°10'59" W, 50.00 feet;
22. S 72°55'14" W, 100.00 feet to the East right of way line of South Center Street (60.0 R/W);
23. N 17°10'59" W, 99.78 feet along said right of way;
24. N 17°09'08" W, 60.00 feet to the point of beginning.

This legal description was previously contained in Grant, Bargain and Sale Deed recorded October 19, 2001, as Document No. 2607306, Official Records, Washoe County, Nevada.

# EXHIBIT "B"

# *REAL AND PERSONAL PROPERTY PURCHASE AND SALE AGREEMENT*

between

**One South Lake Street, LLC and Wild Game Ng, LLC,
Debtors and Debtors-in-Possession
as Sellers,**

**and**

**Grand Siena, LLC, a Nevada limited liability company,
as Buyer
dated as of
November 16, 2010**

1

LA/361826.1

## REAL AND PERSONAL PROPERTY PURCHASE AND SALE AGREEMENT

This *Real and Personal Property Purchase and Sale Agreement* (the "Agreement") is dated November 10, 2010 (the "Effective Date") and is entered into by and between Grand Siena, LLC, a Nevada limited liability company (the "Buyer"), on one hand, and One South Lake Street, LLC and Wild Game Ng, LLC, the Debtors and Debtors-in-Possession (collectively the "Sellers" or "Debtors"), on the other hand.  The Buyer and Sellers are referred to collectively as the "Parties".

### RECITALS

A.      Sellers were formed for the purpose of owning and leasing improved real property in Reno, Nevada commonly known as The Siena Hotel Spa & Casino ("Siena") and the adjacent parking lot and expansion property, legally described on Schedule A (Assessor's Parcel Number 011-122-09) attached hereto and incorporated herein by this reference, and located at 111 Mill Street, Reno, NV 89501 ("Real Property") and, except for the Excluded Items (defined below), all personal property located at the Siena and described on Schedule B attached hereto and incorporated herein by this reference ("Personal Property"), and any and all intangible property utilized in connection with the operation of the Siena including, but not limited to, licenses and permits (to the extent assignable), tradenames, trademarks, phone numbers, internet web addresses (including www.sienareno.com), web pages, e-mail addresses, domain names, and marketing materials (collectively the "Intangible Property").  The Real Property, Personal Property, and Intangible Property shall collectively be referred to herein as the "Property").  The following items are expressly excluded from the foregoing definitions of "Property, "Personal Property" and/or "Intangible Property": (i) any computer, equipment, gaming device, software, intellectual property, license, manual, record, or any other tangible or intangible property in which Konami Gaming, Inc. ("Konami") has any interest whatsoever whether as owner, licensor, lessor, secured party, or otherwise (the "Konami Property") and (ii) all of the Debtors' bankruptcy estate's litigation rights.  The items described in (i) and (ii) above, are hereinafter called the "Excluded Items" and they are expressly excluded from this Sale (defined below).

B.      One South Lake Street, LLC had leased the Real Property to Wild Game Ng, LLC, which, until October 21, 2010, had been operating the Siena and the Real Property.  In connection with the operation by Wild Game Ng, LLC of the Siena and the Real Property, Wild Game Ng, LLC owns certain personal property located on the Real Property.

C.      On July 21, 2010, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court, Northern District of California, Oakland Division (the "Oakland Bankruptcy Court"), jointly administered under case no. 4:10-bk-48268-RJN (the "Bankruptcy Case").

D.      On August 5, 2010, International Gaming Technology filed a *Motion for Entry of Order Transferring Venue to the District of Nevada* (the "Venue Motion") which was joined in by various creditors and parties-in-interest.  On October 1, 2010, the Oakland Bankruptcy Court entered its order granting the Venue Motion and transferring the Bankruptcy Case to the United States Bankruptcy Court, District of Nevada, Reno Division (the "Reno Bankruptcy Court").

<div align="center">2</div>

LA/361826.1

E.    Buyer desires to purchase and Sellers desires to sell, convey, assign and transfer to Buyer, all of the Debtors' interests in the Property in the manner and subject to Reno Bankruptcy Court approval and to the terms and conditions set forth herein.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing Recitals (which are incorporated into this Agreement as agreements, representations, warranties and covenants of the respective parties hereto), and the representations, warranties, covenants, and agreements set forth herein, the Parties hereto agree as follows:

## PURCHASE AND SALE OF PROPERTY

1.    **Purchase and Sale of Property:**  On the Closing Date, hereinafter defined, in consideration of the covenants and obligations of Buyer hereunder and, subject to the conditions hereinafter set forth, Sellers shall sell and convey all of its title to the Property to Buyer and Buyer shall purchase all of the Debtors' title to the Property from Sellers.  Notwithstanding anything to the contrary in this Agreemnt, or in any attachment hereto, or in any other document or instrument, the Sale (as defined below) shall not constitute a sale of the Excluded Items.

2.    **Purchase Price and Escrow:**  The purchase price for the Property shall be the sum of Three Million Nine Hundred Thousand Dollars ($3,900,000) ("Purchase Price"), to be paid as follows:

   a.    On or before the date that is two (2) business days after the entry of a Reno Bankruptcy Court Order approving this Agreement, Buyer shall deliver to Sellers the Purchase Price, less the amount of the $250,000.00 deposit ("Deposit") previously paid to Northern Nevada Title Company ("Escrow Agent") and held pursuant to that certain Escrow Agreement relating to this transaction.

   b.    Upon the Closing and subject to final Reno Bankruptcy Court approval, the Debtors shall pay Innovation Capital, LLC, a fee (the "Sale Transaction Fee") equal to two hundred thousand dollars ($200,000) plus two percent (2.0%) of the Purchase Price with a minimum total Sale Transaction Fee equal to three thousand dollars ($300,000).

   c.    The Purchase Price shall be allocated as follows:

   75.0% for the Real Property asset and 25.0% for the Personal Property and Intangible Property.

## NO ASSUMPTION OF LIABILITIES

3.    **Transfer Free and Clear of Liabilities:**  Buyer will not assume or have any

3

responsibility with respect to any obligation or liability of Sellers, including without limitation: (i) real or personal property taxes or other taxes of any kind or description related to the Sellers or its business or the Property for all tax periods (or portions thereof) ending on or prior to the Closing; (ii) any costs or expenses incurred in connection with, or related to, the administration of the Bankruptcy Case, including, without limitation, any accrued professional fees and expenses of attorneys, accountants, financial advisors and other professional advisors related to the Bankruptcy Case; (iii) any deeds of trust, mortgages, judgments, financing statements, or liens of any kind or description encumbering the Property;  and (iv) all other liens, leases, liabilities and obligations for which Buyer does not expressly assume in writing prior to Closing including, but not limited to, those described on Exhibits B and C to the Debtors and Debtors-in-Possession Motion for an Order: (1) Establishing Auction Procedures with Respect to the Sale of the Debtors' Real and Personal Property; (2) Approving and Authorizing the Sale by Auction of the Debtors' Real and Personal Property Free and Clear  of Liens, Claims, and Encumbrances, Subject to Higher and Better Offers, and (3) Approving Assumption and Assignment of Certain Unexpired Leases and Executory Contracts and Determining Cure Amounts, or, in the Alternative, Approving the Rejection of Unexpired Leases and Executory Contracts, dated November 1, 2010 ("Emergency Motion"), which Exhibits are incorporated herein by this reference (collectively, the "Excluded Liabilities").  Buyer shall be under no obligation to cure or assume any of the liens, leases, or executory contracts referenced in the Emergency Motion or encumbering the Property and the decision to cure and/or assume such obligations shall be made by Buyer prior to Closing in Buyer's sole and absolute discretion.

## CLOSING

4.    **Closing:**  Closing of the transactions set forth in this Agreement (the "Closing") shall take place in Reno, Nevada, at the offices of Escrow Agent or another location as the Parties may mutually agree.  Provided that an order approving this sale (the "Sale") (that is not subject to a stay pending appeal) has been entered by the Reno Bankruptcy Court, the Closing shall occur within two (2) business days of the date on which the order approving the sale of the Property to Buyer is entered by the Reno Bankruptcy Court (the "Closing Date"). If the order approving this sale (that is not subject to a stay pending appeal) is not entered by November 17, 2010, either party may terminate this Agreement by delivering notice thereof to the other party.  In the event of termination, the Deposit shall be refunded to Buyer and neither party shall have any other rights and remedies against the other based upon this Agreement.

a.    Sellers shall move the Reno Bankruptcy Court for a final and nonappealable order approving the Sale of the Property to Buyer (a hearing is scheduled for November 10, 2010 at 1:00pm Pacific Standard Time): (i) on the terms and conditions set forth herein; (ii) containing

4

LA/361826.1

specific findings that the Buyer is a good faith purchaser of the Property, in an arms-length transaction, without collusion, and that Buyer has acted in "good faith" within the meaning of Section 363(m) of the Bankruptcy Code (the Buyer shall cooperate as necessary with the Sellers); (iii) stating that the Sale of the Property to Buyer shall be free and clear of all liens, claims, interests and encumbrances, including the Excluded Liabilities; (iv) in a form reasonably satisfactory to Buyer; and (v) finding that this Agreement and the transactions contemplated hereby may be specifically enforced against and binding upon, and not subject to rejection or avoidance by, Sellers or any chapter 7 or chapter 11 trustee of Sellers.

b.      Buyer is informed that all orders entered in Reno Bankruptcy Court are subject to a fourteen (14) day right of appeal from date of entry, and that no order authorizing the Sale shall be final until the fourteen day period has passed.  The Sellers shall move the Reno Bankruptcy Court to waive the fourteen day stay period under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

c.      Buyer is further advised of the unlikelihood of obtaining a policy of title insurance, and other such documents, from the title company during the period allowed for appeal of the order, unless the order approving the Sale includes a good faith finding as contemplated by 11 U.S.C. § 363(m).  The Sellers shall move the Reno Bankruptcy Court for a good faith finding under 11 U.S.C. § 363(m), however, solely the Buyer will present the required evidence to have such finding made by the Reno Bankruptcy Court.

d.      Subject to approval by the Nevada Gaming Control Board (as described in Exhibit A), Seller will transfer the gaming equipment identified on Schedule B to Session Gaming, a licensed distributor, who will maintain and store the gaming equipment at the Property until Buyer is successful in obtaining a nonrestricted gaming license.

5.    **Other Conditions**:  The Parties affirm the following conditions or events, among others, as conditions precedent to the Closing of this Sale:

a.      Sellers shall have delivered to Buyer a copy of an order approving the Sale to the Buyer.

b.      Sellers shall deliver a Grant Deed to the Real Property, duly executed and acknowledged by Sellers in the form of Exhibit "B", attached hereto and incorporated herein by this reference ("Deed"), which Deed shall convey the Sellers' title to the Real Property to Buyer, or its assignee, free and clear of all Excluded Liabilities and subject only to those matters set forth on Schedule C attached hereto and incorporated herein by this reference ("Permitted Exceptions").

5

LA/361826.1

c.      Sellers shall deliver a Bill of Sale and all appropriate assignments, duly executed and acknowledged by Sellers conveying title to the Personal Property and Intangible Property to Buyer, free and clear of all Excluded Liabilities, all of which shall be released by Sellers at or prior to Closing.

d.      Barney J. Ng and any entity controlled or owned by Barney J. Ng agrees to assign, transfer, and convey to Buyer any and all right, title, and interest related to the Property, including but not limited to, that certain Subterranean Easement recorded on May 18, 2000 (Doc. No. 2448187) and that certain Air Space Easement recorded on May 18, 2000 (Doc. No. 2448188).

e.      Buyer shall arrange, at Buyer's cost and expense, to have all recorded liens and encumbrances recorded against the Property to be released and discharged, as required and consistent with the order approving the Sale.

f.      All real and personal property taxes, special taxes, room license tax, gaming tax, or any other taxes of any kind or description, sewer charges, and utilities fees for periods prior to the Closing shall be paid by Sellers or, if not yet due, shall be prorated to the day of Closing and credited to Buyer.

g.      Sellers shall deliver a statement under section 1445 of the Internal Revenue Code with respect to the Property, if requested.

h.      Buyer shall deliver the Purchase Price to be paid to Sellers, less the Deposit, plus all other amounts to be paid by Buyer at Closing under this Agreement. The Buyer shall pay all escrow charges.

i.      The representations and warranties of each party shall be materially true and correct.

j.      Each of the Parties shall deliver such additional documents and instruments as are reasonably required to close the Sale and purchase of the Property and shall otherwise cooperate with each other as necessary to close this transaction.

### FINANCING CONTINGENCY

6.      **Financing Contingency:** Obtaining of financing by the Buyer from a lender is not a condition to closing the transaction contemplated herein.

### POSSESSION

7.      **Possession:** Possession of the Property shall be delivered to Buyer on the Closing Date, free and clear of all leases and tenancies, including but not limited to, the

6

LA/361826.1

17

Land Lease and Hotel Casino Lease entered into by and between One South Lake Street, LLC ("One South"), and Wild Game NG, LLC ("Wild Game"), on or about March 6, 2010, pursuant to which One South leases the Property to Wild Game, which lease was subsequently modified by the Modification of Hotel Casino Lease dated April 14, 2000 (the "Land Lease"). The Land Lease shall be rejected by the Debtors, terminated and cancelled without cost to Buyer at or prior to Closing.

<div align="center">SELLERS' REPRESENTATIONS AND WARRANTIES</div>

8.    **Sellers' Representations and Warranties:**  Sellers hereby make the following representations and warranties to Buyer, all of which shall be continuing and shall survive Closing. (For the purposes of this Paragraph, the term "Sellers' Representation and Warranties" shall be limited to the actual knowledge of Barney J. Ng, the Debtors' managing member, and not to any other person or entity):

   a.    Upon the Reno Bankruptcy Court's entering of an order approving the Sale to Buyer and after the fourteen (14) day right of appeal has expired under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, if not waived by the Reno Bankruptcy Court, Sellers will have the power and authority to execute, deliver and perform this Agreement and all writings relating hereto.

   b.    This Agreement has been duly executed and delivered by Sellers and constitutes a valid and binding obligation of Sellers, subject to the approval of the Reno Bankruptcy Court, enforceable against Sellers in accordance with its terms.  This Agreement does not: (i) violate any statute, law, rule or regulation, or any order, writ, injunction or decree of any court or governmental unit that the Sellers are aware of; or (ii) violate or conflict with or constitute a default under any agreement, instrument, or writing of any nature to which Sellers are a party or by which Sellers or its assets or properties may be bound.

<div align="center">BUYER'S REPRESENTATIONS AND WARRANTIES</div>

9.    **Buyer's Representations and Warranties:**  Buyer hereby makes the following representations and warranties to Sellers all of which shall be continuing and shall survive Closing:

   a.    Buyer has all requisite powers to execute, deliver and perform this Agreement and all documents and instruments relating hereto.

   b.    This Agreement has been duly executed and delivered by Buyer and constitutes a valid and binding obligation of Buyer, enforceable against Buyer in accordance with its terms.  The Buyer contends that this

<div align="center">7</div>

Agreement does not: (i) violate any statute, law, rule or regulation, or any order, writ, injunction or decree of any court or governmental unit that the Buyer is aware of; or (ii) violate or conflict with or constitute a default under any agreement, instrument, or writing of any nature to which Buyer is a party or by which Buyer or its assets or properties may be bound.

## "AS IS, WHERE IS" CONDITION

10. **"As Is, Where Is" Condition:** Except for the representations set forth herein and the order approving the Sale, Buyer acknowledges and agrees that Sellers make no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Property, including without limitation, income to be derived or expenses to be incurred in connection with the Property, the environmental condition or other matters relating to the physical condition of the Property, the zoning of the Property or improvements thereon, the value of the Property, the title to the Property, or any other matter or thing relating to the Property, or any portion thereof. Buyer further acknowledges and agrees that Buyer has conducted an independent inspection and investigation of the physical condition of the Property and all such other matters relating to or affecting the Property, as Buyer deemed necessary or appropriate and that in proceeding with its purchase of the Property, Buyer is doing so based solely upon such independent inspections and investigations. Accordingly, Buyer will accept the Property at Closing "As Is, Where Is," and "With All Faults."

11. **Risk of Loss:** In the event that the Property shall be damaged or destroyed by fire or other casualty prior to the date of the Closing, Buyer shall have no obligation to close the transaction contemplated hereby. To the extent that Buyer elects to terminate this Agreement as a result of such damage or destruction then the Deposit shall be refunded to Buyer and neither Buyer nor Sellers shall have any further liability to each other.

## OTHER DISCLOSURES

12. **Change in Ownership:** If required by applicable law, Buyer will file a "Change in Ownership Statement" with the County Recorder or Tax Assessor within forty-five (45) days of recording of title.

13. **Change in Ownership and Related Matters:** Sellers and Buyer acknowledge and agree to work together in good faith to facilitate the transfer, or changeover as the case may be, of all applicable state, city and local licenses and/or approvals necessary for the Siena's business to operate as a resort hotel casino.

14. Buyer shall be entitled to a return of Buyer's Deposit, plus accrued interest, if any, in the event Buyer terminates this Agreement pursuant to its good faith disapproval of contingencies, if any, within the time limits stated herein; in the event Sellers are unable to deliver title or possession of the Property to Buyer on

8

the terms hereof free and clear of all liens and encumbrances; in the event of Reno Bankruptcy Court disapproval; or in the event of overbid(s) in which the Buyer herein is not the successful overbidding party.

## MISCELLANEOUS

15.     **Attorneys' Fees:** If any action or proceeding is commenced by either party to enforce their rights under this Agreement or to collect damages as a result of the breach of any of the provisions of this Agreement, the prevailing party in such action or proceeding, including any appellate proceedings, shall be entitled to recover all reasonable costs and expenses, including, without limitation, reasonable attorneys' fees and costs, in addition to any other relief awarded by the court.

16.     **Notices:**  Any notice, tender, or delivery to be given hereunder by any party shall be in writing and may be made by personal delivery, by overnight delivery, by registered or certified mail, and shall be deemed communicated as of the date of receipt.  Notices shall be addressed as set forth below, but each party may change its address by written notice in accordance with this section.

     a.      To Sellers: One South Lake Street, LLC and Wild Game Ng, LLC

               Barney Ng
               201 Lafayette Circle, 2nd Floor
               Lafayette, CA 94549

               With a copy to: Arent Fox LLP

               555 West Fifth Street, 48th Flr.
               Los Angeles, CA 90013
               Attn: Aram Ordubegian and Andy S. Kong

     b.      To Buyer: Grand Siena, LLC

               David Colvin
               2549 Sun Reef Road
               Las Vegas, NV 89128

               With copy to Lewis and Roca LLP

               50 West Liberty Street, Suite 410
               Reno, NV 89501
               Attn: Sean McGuinness

17.     **Entire Agreement:** This Agreement shall be deemed and constitute the entire

9

LA/361826.1

20

agreement between the Parties pertaining to the subject matters contained in it, and supersedes all prior and contemporaneous agreements, representations, and understandings of the Parties. No other agreements, oral or written, extrinsic to this Agreement and pertaining to the subject transaction have been made by the Parties which are not embodied herein, and this Agreement contains all of the covenants and agreements between the Parties. Each party hereto acknowledges that no representations, inducements, promises, or agreements, orally or otherwise, and no other agreement, statement, or promise not contained in this Agreement shall be valid or binding.

18. **Amendments:** No supplement, modification, or amendment to this Agreement shall be binding unless executed in writing by all the Parties hereto.

19. **Severability:** If any paragraph, section, sentence, clause or phrase in this Agreement shall become illegal, null or void for any reason, or shall be held by a court of competent jurisdiction to be illegal, null or void or against public policy, the remaining paragraphs, sections, sentences, clauses or phrases herein shall not be affected thereby.

20. **Effect of Headings:** The subject headings of the paragraphs, sub-paragraphs, and sections of these instructions and this Agreement are included for purposes of reference only, and are in no way intended to describe, interpret, define, or limit the scope, extent, or intent of this Agreement or the construction or interpretation of any of its provisions.

21. **Waiver:** No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute a waiver of other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

22. **Brokerage Obligations:** Except as set forth herein, no broker's commission or finder's fee is payable with regard to this transaction and each of the Parties agree to indemnify and hold the other harmless from and against all liability, claims, demands, damages, or costs of any kind whatsoever arising from or connected with any broker's or finder's fee or commission or charge claimed to be due any person arising from each party's conduct with respect to this transaction, other than the Sale Transaction Fee to Innovation Capital, LLC to be paid by Sellers stated in Section 2(b) above.

23. **Successors and Assigns:** This Agreement, when duly executed and affirmed, shall be binding on, and shall inure to the benefit of, the Parties and (whether voluntarily, involuntarily, by operation of law, or otherwise) their respective successors, heirs, legal representatives, administrators, and assigns. Buyer's interest under this Agreement may be assigned, designated, apportioned, or otherwise transferred upon notice to Sellers, creditors and the Reno Bankruptcy Court.

10

LA/361826.1

24. **Applicable Law:** In the event of any dispute, claim, or controversy between the Parties arising out of the Sale of the Property, the Reno Bankruptcy Court having jurisdiction over the Sellers' bankruptcy estate shall decide any such matter and all controversies or claims between the Parties pursuant to Title 11 of the United States Code, unless otherwise agreed to in writing by mutual agreement of the Parties herein. BUYER AND SELLERS WAIVES THE RIGHT TO TRIAL BY JURY WITH REGARD TO ANY CLAIM AGAINST THE SELLERS OR BUYER, AS THE CASE MAY BE, THAT IN ANY WAY RELATES TO THIS AGREEMENT OR TRANSACTION.

25. **Interpretation:** All pronouns and any variations thereof shall be deemed to refer to the masculine, feminine, singular, or plural, as the identity of the person or persons may require.

26. **Counterparts:** This Agreement is intended to be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

27. **Time is of the Essence:** Time is of the essence in this Agreement and all of the terms, covenants, and conditions hereof.

28. **Further Assurances:** Sellers and Buyer shall take all actions that may be reasonably necessary or appropriate to effectuate the transactions contemplated by this Agreement. On or after the Closing Date, if any further action is reasonably necessary or desirable to carry out the purposes of this Agreement to vest Buyer with full title, free of all liens, claims, or other encumbrances to the Property, Sellers and/or Buyer, as applicable, shall take all such reasonably necessary or appropriate action thereto.

[Signatures on next page]

11

**IN WITNESS WHEREOF,** Buyer and Sellers have executed this Agreement on the date and at the place set forth opposite their respective signatures.

Dated: November _____, 2010, at Reno, Nevada.    **SELLERS**

One South Lake Street, LLC and Wild Game Ng, LLC, Chapter 11 Debtors and Debtors-in-Possession

By: _____
     Barney J. Ng, Managing Member

Dated: November 5, 2010, at Las Vegas, Nevada.    **BUYER**

Grand Siena, LLC, a Nevada limited liability company

By: _____
     David Colvin, Manager

12

LA/360210.1

23

IN WITNESS WHEREOF, Buyer and Sellers have executed this Agreement on the date and at the place set forth opposite their respective signatures.

Dated: November 16, 2010, at Reno, Nevada.  **SELLERS**

One South Lake Street, LLC and Wild Game Ng, LLC, Chapter 11 Debtors and Debtors-in-Possession

By: _____
    Barney J. Ng, Managing Member

Dated: November__, 2010, at _____,Nevada.  **BUYER**

Grand Siena, LLC, a Nevada limited liability company

By: _____
    David Colvin, Manager

24

## DEFINITIONS

**Defined terms:** The following terms shall have the meaning as set forth below:

1.   "Agreement" shall mean the *Real and Personal Property Purchase and Sale Agreement* dated November __, 2010.

2.   "Bankruptcy Case" shall have the meaning given to such term in Recital Paragraph B.

3.   "Buyer" shall mean Grand Siena, LLC, a Nevada limited liability company.

4.   "Closing" shall have the meaning given to such term in section 4.

5.   "Closing Date" shall have the meaning given to such term in section 4.

6.   "Debtors" shall mean One South Lake Street, LLC and Wild Game Ng, LLC.

7.   "Deposit" shall have the meaning given to such term in section 2(a).

8.   "Excluded Items" shall have the meaning given to such term in Recital Paragraph A.

9.   "Excluded Liabilities" shall have the meaning given to such term in section 3.

10.   "Konami Property" shall have the meaning given to such term in Recital Paragraph A.

11.   "Parties" shall collectively refer to Buyer and Sellers.

12.   "Property" shall have the meaning given to such term in Recital Paragraph A.

13.   "Purchase Price" shall have the meaning given to such term in section 2.

14.   "Reno Bankruptcy Court" shall have the meaning given to such term in Recital Paragraph C.

15.   "Sale" shall have the meaning given to such term in section 4.

16.   "Sale Transaction Fee" shall have the meaning given to such term in section 2(b).

17.   "Sellers" shall mean One South Lake Street, LLC and Wild Game Ng, LLC and Debtors and Debtors-in-Possession.

18.   "Siena" shall have the meaning given to such term in Recital Paragraph A.

13

LA/361826.1

25

14

## EXHIBIT "A"



November 11, 2010

Dennis K. Neilander, Chairman
Nevada Gaming Control Board
1919 College Parkway
Carson City, Nevada 89706

Dear Chairman Neilander:

On November 10, 2010, pursuant to 11 U.S.A. Section 363, Wild Game Ng dba Siena Hotel Spa Casino was sold at a bankruptcy auction held at the Federal Court House in Reno, Nevada, to Grand Siena, LLC. A list of the slot machines that was provided to the potential buyers is attached. Once a complete inventory is conducted, including game description and serial numbers, the buyer will provide you with an updated list.

Grand Siena is requesting for me to transfer the gaming equipment to Session Gaming, a licensed distributor owned by Bruce Merati. Mr. Merati will be part of the management team who will seek a gaming license to operate the Siena. I am advised that the gaming equipment, with Gaming Control Board approval, will be maintained by Session Gaming and stored in a secure area at the Siena until the management group is successful in obtaining a nonrestricted gaming license.

I will transfer the gaming equipment as requested, once I receive your approval. Please contact me or Keith Copher, representing Session Gaming (208) 453-2615, if you have any questions.

Thank you for your consideration.


Barney Ng
Member, Wild Game Ng

cc:   David Colvin          Keith Copher
      Bruce Merati          Judi Moravec
      Jay Meilstrup         Mike Wilson
      Anthony Cabot         Sean McGuinness

Attachment

15

SIENA PROPERTY - ASSET LIST

| DESCRIPTION | DATE IN SERVICE | METHOD | LIFE | COST | ACCUM. DEPRECIATION AT 12/31/09 | 2010 ESTIMATED DEPRECIATION |
|---|---|---|---|---|---|---|
| 1520-15-00 FURNITURE AND FIXTURES | | | | 2,257,557.70 | 2,192,[illegible] | 14,[illegible] |
| | | | | | | |
| 1530-15-00 TRANSPORTATION EQUIPMENT | | | | | | |
| [illegible] TRUCK | 9/1/2001 | MHY | 5 | 48,478.44 | 48,478.44 | 0.00 |
| [illegible] VAN | 3/1/2006 | MHY | 5 | 33,532.56 | 30,[illegible] | 1,670.[illegible] |
| LINCOLN TOWNCAR | 9/1/2007 | SL/MA | 5 | 27,318.83 | 12,[illegible] | 5,[illegible] |
| LINCOLN TOWNCAR [illegible] | 3/1/2007 | SL/MA | 5 | 31,[illegible] | 14,[illegible] | [illegible] |
| Corrections [illegible] | 11/1/2009 | SL/MA | 5 | 1,318.31 | [illegible] | [illegible] |
| 1530-15-00 TRANSPORTATION EQUIPMENT | | | | [illegible] | [illegible] | [illegible] |
| | | | | | | |
| 1535-15-00 FREIGHT ON FIXED ASSETS | | | | | | |
| FREIGHT ON FIXED ASSETS | | MHY | 5 | 77,[illegible] | 77,[illegible] | 0.00 |
| 1535-15-00 FREIGHT ON FIXED ASSETS | | | | 77,[illegible] | 77,[illegible] | 0.00 |
| | | | | | | |
| 1540-15-00 SLOT EQUIPMENT | | | | | | |
| SLOT EQUIPMENT - [illegible] GAMING | 11/13/2001 | MHY | 7 | 171.[illegible] | 171.[illegible] | 0.00 |
| SLOT EQUIPMENT - MARQUEESTOCK.COM | 8/14/2001 | MHY | 7 | 331.87 | 331.87 | 0.00 |
| SLOT EQUIPMENT - MARQUEESTOCK.COM | 7/[illegible]/2001 | MHY | 7 | 1,[illegible] | 1,[illegible] | 0.00 |
| SLOT EQUIPMENT - CARLTON BATES CO. | 9/11/2001 | MHY | 7 | 2,722.80 | 2,722.80 | 0.00 |
| SLOT EQUIPMENT - [illegible] | [illegible]/2001 | MHY | 7 | [illegible] | [illegible] | 0.00 |
| SLOT EQUIPMENT - IGT [illegible] | [illegible]/2001 | MHY | 7 | 15,[illegible] | 15,[illegible] | 0.00 |
| SLOT EQUIPMENT - [illegible] GAMING | 8/14/2001 | MHY | 7 | 16,[illegible] | 16,[illegible] | 0.00 |
| SLOT EQUIPMENT - [illegible] | [illegible]/2001 | MHY | 7 | [illegible] | [illegible] | 0.00 |
| BALLY'S SLOT MAC - [illegible] | [illegible] | MHY | 7 | 17,[illegible] | 17,[illegible] | 0.00 |
| SLOT EQUIPMENT - IGT [illegible] | [illegible] | MHY | 7 | 17,[illegible] | 17,[illegible] | 0.00 |
| SLOT EQUIPMENT - IGT | [illegible] | MHY | 7 | 31,114.75 | 31,114.75 | 0.00 |
| SLOT EQUIPMENT - KEY DEVICES [illegible] | [illegible] | MHY | 7 | [illegible] | [illegible] | 0.00 |
| BALLY'S SLOT MAC - [illegible] Dynasty 2/11 | [illegible] | MHY | 7 | [illegible] | [illegible] | 0.00 |
| TOKENS - [illegible] | [illegible] | MHY | 4 | [illegible] | 16,[illegible] | 0.00 |
| ATRONIC SLOT MAC - [illegible] Dynasty 2/11 | [illegible] | MHY | 7 | 48,[illegible] | 48,[illegible] | 0.00 |
| BALLY'S SLOT MAC - [illegible] Dynasty 2/11 | [illegible] | MHY | 7 | 1[illegible] | 1[illegible] | 0.00 |
| IGT SLOT MAC | [illegible] | MHY | 7 | 1[illegible] | 1[illegible] | 0.00 |
| TITO LICENSE | [illegible] | [illegible] | 5 | [illegible] | [illegible] | 0.00 |
| [illegible] | [illegible] | [illegible] | 3 | [illegible] | [illegible] | 0.00 |
| EZ PAY LICENSE | [illegible] | MHY | 3 | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | MHY | 3 | [illegible] | 1,[illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| LEASE [illegible] to Hard Rock Gaming [illegible] | [illegible] | MMO | 7 | [illegible] | [illegible] | [illegible] |
| EZ PAY LICENSE | [illegible] | MMO | 7 | [illegible] | [illegible] | [illegible] |
| HIGH LIMIT SLOT | [illegible] | MMO | 7 | 4,[illegible] | [illegible] | [illegible] |
| WESTERN MONEY | [illegible] | MMO | 7 | [illegible] | 27,[illegible] | 4,[illegible] |
| EZ PAY HARDWARE | [illegible] | MMO | 7 | 1,[illegible] | [illegible] | [illegible] |
| FUTURE LOGIC | [illegible] | MMO | 7 | [illegible] | [illegible] | [illegible] |
| LEASE [illegible] Dynasty 4/10 | [illegible] | MMO | 7 | [illegible] | [illegible] | [illegible] |
| [illegible] IGT GAMES | [illegible] | MMO | 7 | [illegible] | [illegible] | [illegible] |
| 41 IGT GAME - [illegible] DYNASTY - [illegible] Dynasty 2/11 | [illegible] | MMO | 7 | [illegible] | [illegible] | [illegible] |
| [illegible] IGT GAMES | [illegible] | MMO | 7 | [illegible] | [illegible] | [illegible] |
| [illegible] IGT GAME - sold [illegible] to Dolly's U-4 | [illegible] | MMO | 7 | [illegible] | [illegible] | [illegible] |
| [illegible] IGT GAMES - sold [illegible] to [illegible] | [illegible] | MMO | 7 | [illegible] | [illegible] | [illegible] |
| [illegible] IGT "I" GAM | [illegible]/2007 | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| 12 IGT "I" GAM | [illegible]/2007 | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| DYNASTY GAME | [illegible]/2007 | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| [illegible] IGT "I" GAM | [illegible]/2007 | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| [illegible] IGT GAMES | [illegible]/2007 | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| 4 IGT "I" GAM | [illegible]/2007 | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| 1 [illegible] | [illegible] | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| DYNASTY GAME | [illegible]/2007 | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| DYNASTY GAME | 12/31/2007 | SL/MA | 5 | 7,[illegible] | [illegible] | 1,[illegible] |
| [illegible] | [illegible]/2007 | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| [illegible] - [illegible] DYNASTY - sold [illegible] to Dynasty 2/11 | [illegible] | SL/MA | 5 | [illegible] | [illegible] | 31,[illegible] |
| [illegible] GAMING SYSTEM | [illegible] | SL/MA | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | SL/MA | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] ENTERPRISES | [illegible] | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| CARD SCANNING SOLUTIONS | [illegible] | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| ZONES | [illegible] | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | SL/MA | 5 | [illegible] | [illegible] | [illegible] |
| | | | | [illegible] | [illegible] | [illegible] |
| [illegible] Upright Given to Dynasty | [illegible]/2010 | | | [illegible] | [illegible] | |
| [illegible] Upright Sold to Dynasty | [illegible]/2010 | | | [illegible] | [illegible] | |
| [illegible] Dynasty | [illegible]/2010 | | | [illegible] | [illegible] | |
| [illegible] Upright Sold to Dynasty | [illegible]/2010 | | | [illegible] | [illegible] | |
| [illegible] IGT [illegible] Upright Sold to Dynasty | [illegible]/2010 | | | [illegible] | [illegible] | [illegible] |
| [illegible] Sold to Dynasty | [illegible]/2010 | | | [illegible] | [illegible] | [illegible] |
| [illegible] IGT [illegible] to Hard Rock [illegible] | [illegible]/2010 | | | [illegible] | [illegible] | [illegible] |
| [illegible] IGT [illegible] Sold to Hard Rock [illegible] | [illegible]/2010 | | | [illegible] | [illegible] | [illegible] |

Siena Property - Asset List [illegible]

## EXHIBIT "B"

## FORM OF GRANT, BARGAIN, AND SALE DEED

APN: _____

**RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:**

Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
ATTN: Andy S. Kong, Esq.

**MAIL TAX STATEMENTS TO:**

Grand Siena, LLC
2549 Sun Reef Road
Las Vegas, NV 89128

---

## GRANT, BARGAIN AND SALE DEED

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, ONE SOUTH LAKE STREET, LLC, a Nevada limited liability company, hereby GRANTS, BARGAINS and SELLS to Grand Siena, LLC, a Nevada limited liability company, as grantee hereunder, the real property located in the County of Washoe, State of Nevada, more particularly described in **Exhibit "A"** attached hereto and incorporated herein by this reference;

TOGETHER WITH all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof;

SUBJECT TO all taxes, assessments, reservations in patents and all easements, rights of way, encumbrances, liens, covenants, conditions and restrictions, obligations, liabilities and other matters as may appear of record.

*[signatures are on following page]*

17

LA/361826.1

IN WITNESS WHEREOF, the undersigned has signed this document as of the day and year indicated.

ONE SOUTH LAKE STREET, LLC, a Nevada limited liability company

By:      _____

Name:    Barney J. Ng

Title:   Managing Member

18

## SCHEDULE A

All that certain real property situate in the County of Washoe, State of Nevada, described as follows:

All that certain parcel of land situate in the SE ¼ of Section 11, T 19 N, R 19 E, M.D.M., City of Reno, County of Washoe, State of Nevada, being all that certain parcel as sown on Record of Survey No. 3881 for FIVE-WAY DEVELOPMENT, as filed in the Washoe County Recorder's Office under file No. 2519029 and being that Order of Abandonment of a portion of Center Street per Document No. 2507552 and being that Order of Abandonment portion of Mill Street per Document No. 2589530 and being a portion Block 4 of LAKE'S ADDITION TO THE TOWN, NOW CITY OF RENO, as filed in the Washoe County Recorder's Office on September 29, 1887, as Tract Map No. 53, said combined parcels being more particularly described as follows:

Beginning at the intersection of the North right of way line of Mill Street and the East right of way line of South Center Street as shown on said Record of Survey No. 3881; thence along the following twenty-four (24) courses;

1.  N 17°07'16" W, 122.63 feet along the East right-of-way line of South Center Street (60.0' R/W) to the Southeast corner of said Order of Abandonment Document No. 2507552;
2.  S 72°52'44" W, 5.50 feet along said abandonment;
3.  N 17°07'16" W, 42.17 feet along said abandonment;
4.  N 72°52'44" E, 5.50 feet along said abandonment to point on the West line of said Record of Survey No. 3881;
5.  N 17°07'16" W, 29.08 feet to the mean high water line of the Truckee River as determined by Nevada Division of State Lands on January 27, 2000 and as shown on Record of Survey No. 3828 for Capital Salvage as filed in the Washoe County Recorder's Office under file No. 2472747;
6.  N 69°17'28" E, 12.17 feet along said high water line;
7.  N 40°49'16" E, 31.87 feet;
8.  N 56°55'49" E, 45.43 feet;
9.  N 70°00'36" E, 29.10 feet;
10. N 60°26'03" E, 47.52 feet;
11. N 67°34'36" E, 46.77 feet;
12. N 60°58'56" E, 57.99 feet;
13. N 70°41'11" E, 106.84 feet;
14. N 49°22'01" E, 1.12 feet along said high water line to the Westerly right of way line of Lake Street (60.0' R/W);
15. S 29°36'47" E, 40.50 feet along said right of way;
16. Along a tangent curve to the right having a radius of 570.00 feet, a central angle of 12°22'30", and an arc length of 123.11 feet along said right of way;
17. S 17°14'17" E, 94.88 feet along said right of way;
18. S 17°12'01" E, 60.00 feet to the Westerly right of way of Sinclair Street (60.0' R/W);
19. S 17°09'44" E, 150.07 feet along said right of way to the North right of way of State Street (60.0' R/W);
20. S 72°55'14" W, 291.87 feet along said right of way;
21. N 17°10'59" W, 50.00 feet;
22. S 72°55'14" W, 100.00 feet to the East right of way line of South Center Street (60.0 R/W);
23. N 17°10'59" W, 99.78 feet along said right of way;
24. N 17°09'08" W, 60.00 feet to the point of beginning.

This legal description was previously contained in Grant, Bargain and Sale Deed recorded October 19, 2001, as Document No. 2607306, Official Records, Washoe County, Nevada.

19



20



LA/361826.1



22

LA/361826.1



23



LA/361826.1

36



LA/361826.1

## SCHEDULE B
## PERSONAL PROPERTY

26

**SIENA PROPERTY - ASSET LIST**

| DESCRIPTION | DATE IN SERVICE | METHOD | LIFE | COST | ACCUM. DEPRECIATION AT 12/31/09 | 2010 ESTIMATED DEPRECIATION |
|---|---|---|---|---|---|---|
| **1525-001-00 LEASEHOLD IMPROVEMENTS** | | | | | | |
| LEASEHOLD IMP | 10/9/2001 | MSL/MM | 39 | 19,624.00 | 4,130.27 | 503.18 |
| LEASEHOLD IMP | 11/2/2001 | M/MM | 39 | 19,650.00 | 4,093.78 | 503.85 |
| LEASEHOLD IMP | 11/2/2001 | M/MM | 39 | 19,650.00 | 4,093.78 | 503.85 |
| LEASEHOLD IMP | 9/20/2001 | M/MM | 39 | 20,812.00 | 4,424.77 | 533.64 |
| LEASEHOLD IMP | 8/28/2001 | M/MM | 39 | 21,208.00 | 4,584.28 | 543.80 |
| LEASEHOLD IMP | 1/1/2001 | M/MM | 39 | 44,113.61 | 10,132.93 | 1,131.11 |
| COOLING UNIT F | 5/1/2002 | M/HY | 5 | 14,588.00 | 14,588.00 | 0.00 |
| LEASEHOLD IMP | 9/27/2001 | MSL/MM | 39 | 37,165.82 | 7,901.71 | 952.97 |
| WINDOW TINTING | 7/10/2002 | M/HY | 5 | 2,332.49 | 2,332.49 | 0.00 |
| FENCING ALONG | 12/17/2002 | M/HY | 5 | 1,913.40 | 1,913.40 | 0.00 |
| PALLET RACK IN | 4/29/2002 | M/HY | 5 | 2,140.71 | 2,140.71 | 0.00 |
| GRANITE | 9/30/2006 | M/MQ | 25 | 1,587.66 | 383.57 | 102.97 |
| LEASEHOLD IMP | 8/2/2001 | M/HY | 25 | 10,327.07 | 4,316.67 | 622.73 |
| PARKING LOT | 8/31/2004 | M/MQ | 5 | 4,982.99 | 4,982.99 | 0.00 |
| LAUNDRY ROOM | 9/1/2004 | M/HY | 7 | 66,985.82 | 62,166.03 | 2,965.47 |
| KENO COUNTER | 10/27/2004 | M/MQ | 7 | 7,057.77 | 6,460.08 | 308.10 |
| HANDRAIL INSTALL | 4/30/2006 | M/HY | 25 | 887.00 | 276.98 | 53.05 |
| COMMERCIAL D | 5/31/2006 | M/MQ | 39 | 1,773.00 | 461.42 | 114.05 |
| DOOR/CUSTOM | 2/28/2007 | SL/N/A | 39 | 15,983.65 | 1,161.16 | 409.83 |
| RESURFACE | 4/5/2007 | SL/N/A | 39 | 3,250.00 | 229.16 | 83.33 |
| CARPET | 5/31/2007 | SL/N/A | 39 | 3,029.53 | 200.87 | 77.68 |
| HVAC (VENTILATION) | 6/6/2007 | SL/N/A | 39 | 12,640.00 | 837.26 | 324.10 |
| BUILT INTO BUILDING | 6/30/2007 | SL/N/A | 39 | 3,768.72 | 241.58 | 96.63 |
| RESURFACE COR | 7/31/2007 | SL/N/A | 39 | 11,187.00 | 693.22 | 286.85 |
| SPA CARPET | 9/15/2007 | SL/N/A | 5 | 4,819.27 | 2,155.65 | 923.85 |
| SPA CARPET | 10/18/2007 | SL/N/A | 5 | 5,130.00 | 2,308.50 | 1,026.00 |
| MEETING ROOM CARPET | 1/1/2008 | SL/N/A | 5 | 15,277.12 | 6,110.94 | 3,055.42 |
| 9TH FLR CARPET | 2/15/2008 | SL/N/A | 5 | 31,768.07 | 12,177.75 | 6,353.61 |
| 5TH FLR CARPET | 2/15/2008 | SL/N/A | 5 | 23,979.09 | 9,191.99 | 4,795.82 |
| RSD - COMPRESSOR | 4/1/2009 | SL/N/A | 5 | 1,924.16 | 288.63 | 384.84 |
| RSD - COMPRESSOR | 4/9/2009 | SL/N/A | 5 | 2,715.16 | 407.25 | 543.00 |
| RSD - COMPRESSOR,CORE,FRGT | 6/18/2009 | SL/N/A | 5 | 2,452.12 | 265.66 | 490.44 |
| | | | | 434,502.95 | 175,643.00 | 27,590.17 |
| REBUILD T2 BOILER-SAVAGE-5YR WARRANTY | 1/13/2010 | SL/N/A | | 10,430.00 | | 543.00 |
| | | | | | | |
| **1525-001-00 LEASEHOLD IMPROVEMENTS** | | | | 444,932.95 | 175,643.00 | 28,133.17 |
| | | | | | | |
| **1526-001-00 PARKING LOT IMPROVEMENTS** | | | | | | |
| SURVEILLANCE CAMERA | 10/31/2005 | M/HY | 5 | 2,531.63 | 2,365.81 | 145.82 |
| PARKING LOT IM | 11/10/2005 | M/HY | 25 | 16,500.00 | 4,840.07 | 928.95 |
| PARKING LOT IM | 11/30/2005 | M/HY | 25 | 1,789.50 | 558.79 | 107.02 |
| PARKING LOT P | 1/27/2006 | M/MQ | 5 | 1,398.53 | 457.50 | 101.00 |
| STATE STREET | 2/22/2006 | M/MQ | 15 | 1,100.00 | 368.27 | 81.30 |
| DEBRIS CLEAN UP | 2/22/2006 | M/MQ | 15 | 1,145.25 | 383.41 | 84.65 |
| MISC PARKING | 12/31/2005 | M/MQ | 25 | 3,539.04 | 1,003.69 | 220.46 |
| **1526-001-00 PARKING LOT IMPROVEMENTS** | | | | 26,971.95 | 9,997.54 | 1,867.20 |
| | | | | | | |
| **1530-001-00 BAR EQUIPMENT** | | | | | | |
| LCD PROJECTOR | 9/5/2008 | M/MQ | 5 | 1234.84 | 1,008.12 | 151.14 |
| 20 BOTTLE TAP WINEBAR | 7/1/2008 | SL/N/A | 5 | 17,778.59 | 5,333.58 | 3,555.72 |
| **1530-001-00 BAR EQUIPMENT** | | | | 19013.43 | 6341.70 | 3706.86 |
| | | | | | | |
| **1530-002-00 COMPUTER EQUIPMENT** | | | | | | |
| TIME AND ATTENDENCE | 5/25/2001 | M/HY | 5 | 804.37 | 804.37 | 0.00 |
| SOFTWARE-ME | 9/8/2001 | SL/N/A | 3 | 1,207.81 | 1,207.81 | 0.00 |
| OMNIBOOK CON | 12/8/2001 | M/HY | 5 | 1,980.45 | 1,980.45 | 0.00 |
| COMPUTER EQ | 10/22/2001 | M/HY | 5 | 2,400.00 | 2,400.00 | 0.00 |
| SOFTWARE <$25 | 7/25/2001 | SL/N/A | 3 | 3,116.23 | 3,116.23 | 0.00 |
| COMPUTER EQ - Danie | 9/6/2001 | M/HY | 5 | 3,957.53 | 3,957.53 | 0.00 |
| COMPUTER EQ | 8/31/2001 | M/HY | 5 | 852.48 | 852.48 | 0.00 |
| SOFTWARE - HU | 7/25/2001 | SL/N/A | 3 | 15,874.37 | 15,874.37 | 0.00 |
| SOFTWARE - MAS 90 | 7/25/2001 | SL/N/A | 3 | 18,811.65 | 18,811.65 | 0.00 |
| RACKING SYSTEM | 8/20/2001 | M/HY | 5 | 24,896.78 | 24,896.78 | 0.00 |
| SOFTWARE - EATEC | 7/25/2001 | SL/N/A | 3 | 30,000.00 | 30,000.00 | 0.00 |
| COMPUTER EQ | 9/6/2001 | M/HY | 5 | 25,960.02 | 25,960.02 | 0.00 |
| TIME AND ATTENDENCE | 9/6/2001 | M/HY | 5 | 38,698.96 | 38,698.96 | 0.00 |
| DELL COMPUTER | 6/13/2001 | M/HY | 5 | 71,993.81 | 71,993.81 | 0.00 |
| DELL COMPUTER | 7/10/2001 | M/HY | 5 | 129,822.11 | 129,822.11 | 0.00 |
| COMPUTER EQ - IQ | 5/22/2001 | M/HY | 5 | 301,683.00 | 301,683.06 | 0.00 |
| ACRES SLOT ON - Part Sold to Baldini's 2/2010 | 4/9/2001 | M/HY | 5 | 495,181.52 | 495,181.52 | 0.00 |
| REMAINING BAL | 8/29/2001 | M/HY | 5 | 45,033.05 | 45,033.05 | 0.00 |
| MS OFFICE 200 | 6/10/2002 | M/HY | 5 | 6,145.43 | 6,145.43 | 0.00 |
| MINOLTA 2300 | 11/19/2002 | M/HY | 5 | 857.98 | 857.98 | 0.00 |
| AP 200 COLOR | 11/9/2002 | M/HY | 5 | 817.28 | 817.28 | 0.00 |
| COMPUTER - CO | 2/19/2003 | M/HY | 5 | 2,087.61 | 2,087.61 | 0.00 |
| COMPUTER - CO | 3/20/2003 | M/HY | 5 | 1,185.97 | 1,185.97 | 0.00 |
| COMPAQ COM | 7/21/2003 | M/HY | 5 | 517.00 | 517.00 | 0.00 |
| IBM - CPR | 7/30/2003 | M/HY | 5 | 1,450.00 | 1,450.00 | 0.00 |
| COMPAQ COM | 12/9/2003 | M/HY | 5 | 790.58 | 790.58 | 0.00 |

**SIENA PROPERTY - ASSET LIST**

| DESCRIPTION | DATE IN SERVICE | METHOD | LIFE | COST | ACCUM. DEPRECIATION AT 12/31/09 | 2010 ESTIMATED DEPRECIATION |
|---|---|---|---|---|---|---|
| BACKUP TAPE I | 3/12/2004 | MMQ | 5 | 450.00 | 450.00 | 0.00 |
| DELL COMPUTER | 3/17/2004 | MMQ | 5 | 907.33 | 907.33 | 0.00 |
| BACKUP TAPE I | 4/8/2004 | MMQ | 5 | 2,125.99 | 2,125.99 | 0.00 |
| PRINTER | 6/4/2004 | MMQ | 5 | 2,093.81 | 2,093.81 | 0.00 |
| CONTROL SYSTEM | 6/29/2004 | MMQ | 5 | 9,304.89 | 9,304.89 | 0.00 |
| SERVER FOR | 7/30/2004 | MMQ | 5 | 916.55 | 916.55 | 0.00 |
| OPERA UPGRADE | 10/31/2004 | MMQ | 3 | 18,361.31 | 18,361.31 | 0.00 |
| MICROS SOFTWARE | 9/1/2004 | MMQ | 3 | 9,870.00 | 9,870.00 | 0.00 |
| ANTIVIRUS L | 9/9/2004 | MMQ | 3 | 4,437.64 | 4,437.64 | 0.00 |
| M211 FORM FA | 4/30/2005 | MHY | 5 | 759.52 | 715.77 | 43.75 |
| 4 NEW COMPUTER | 11/30/2005 | MHY | 5 | 3,991.83 | 3,761.90 | 229.93 |
| NEW COMPUTER | 12/31/2005 | MHY | 5 | 2,149.31 | 2,025.51 | 123.80 |
| SOFTWARE UPGRADE | 7/31/2005 | MHY | 5 | 1,121.54 | 1,121.54 | 0.00 |
| GRAPHICS COM | 7/31/2005 | MHY | 5 | 3,988.51 | 3,758.77 | 229.74 |
| SOFTWARE-ADO | 7/31/2005 | MHY | 3 | 1,717.99 | 1,717.99 | 0.00 |
| SERVER - ACME | 8/31/2005 | MHY | 5 | 3,626.96 | 3,418.05 | 208.91 |
| 2 LCD DISPLAY | 8/31/2005 | MHY | 5 | 2,575.39 | 2,427.05 | 148.34 |
| MISCELLANEOUS | 9/28/2005 | MHY | 5 | 751.17 | 707.90 | 43.27 |
| W2G REPORTING | 2/24/2005 | MHY | 5 | 9,750.00 | 9,188.40 | 561.60 |
| COMPUTER EQ | 12/16/2005 | MHY | 5 | 2,813.32 | 2,651.27 | 162.05 |
| LCD MONITOR W | 1/16/2007 | SL/N/A | 5 | 257.80 | 154.82 | 51.54 |
| COMPUTER - HT | 1/19/2007 | SL/N/A | 5 | 1,142.66 | 666.55 | 228.53 |
| MONO ETHERNE | 4/11/2008 | MMQ | 5 | 10,848.75 | 9,152.92 | 1,233.33 |
| SEAGATE 250G | 4/13/2008 | MMQ | 5 | 729.00 | 615.05 | 82.88 |
| OTC - COMPUTER | 3/17/2008 | MMQ | 5 | 2,300.22 | 2,015.26 | 253.29 |
| THINKCENTRE | 4/15/2008 | MMQ | 5 | 633.17 | 534.19 | 71.98 |
| RACKPLEX SERV | 5/2/2008 | MMQ | 5 | 3,272.00 | 2,760.53 | 371.97 |
| THINKCENTRE | 4/29/2008 | MMQ | 5 | 839.64 | 708.39 | 95.45 |
| THINKCENTRE | 5/10/2008 | MMQ | 5 | 838.86 | 539.00 | 72.63 |
| ENCODER CHEC | 5/1/2008 | MMQ | 5 | 2,593.43 | 2,188.04 | 294.83 |
| RACKPLEX SERV | 6/22/2008 | MMQ | 5 | 2,950.30 | 2,489.12 | 335.40 |
| BACKUP EXEC | 6/22/2008 | MMQ | 5 | 910.54 | 768.21 | 103.51 |
| BACKUP EXEC | 6/22/2008 | MMQ | 5 | 617.41 | 520.90 | 70.19 |
| LENOVO THINK | 6/30/2008 | MMQ | 5 | 1,963.57 | 1,656.89 | 223.28 |
| MONITORS | 6/29/2008 | MMQ | 5 | 1,305.60 | 1,101.52 | 148.43 |
| BACKUP EXEC | 6/22/2008 | MMQ | 5 | 39.73 | 33.52 | 4.52 |
| COMP EQUIP | 6/8/2008 | MMQ | 5 | 1,628.27 | 1,373.75 | 185.11 |
| SEAGATE | 7/27/2008 | MMQ | 5 | 612.03 | 499.66 | 74.91 |
| STORAGE LOADER | 6/16/2008 | MMQ | 5 | 4,531.21 | 3,822.91 | 515.13 |
| THINKPAD | 8/1/2008 | MMQ | 5 | 729.48 | 595.55 | 89.29 |
| LCD MONITOR | 8/4/2008 | MMQ | 5 | 279.18 | 227.91 | 34.17 |
| LENOVO ATHION | 8/5/2008 | MMQ | 5 | 633.49 | 517.18 | 77.54 |
| HP COLOR LASER | 8/4/2008 | MMQ | 5 | 5,132.53 | 4,190.20 | 628.22 |
| RACKPLEX SERV | 8/23/2008 | MMQ | 5 | 2,784.38 | 2,273.17 | 340.81 |
| 2 LCD MONITOR | 8/17/2008 | MMQ | 5 | 536.85 | 438.29 | 65.71 |
| OFFICE 2004 M | 6/5/2008 | MMQ | 3 | 984.83 | 984.83 | 0.00 |
| LENOVO ANTHIO | 8/30/2008 | MMQ | 5 | 1,234.79 | 1,008.08 | 151.14 |
| WINDOWS UPGRADE | 8/25/2008 | SL/N/A | 3 | 5,139.47 | 5,139.47 | 0.00 |
| COMP EQUIP | 9/8/2008 | MMQ | 5 | 328.13 | 268.25 | 39.92 |
| IMAC ICD | 9/8/2008 | MMQ | 5 | 2,568.20 | 2,095.04 | 314.10 |
| LENOVO ANTHIO | 8/19/2008 | MMQ | 5 | 1,281.01 | 1,029.49 | 154.35 |
| CAMERA, WEAT | 8/28/2008 | MMQ | 5 | 1,465.69 | 1,196.59 | 179.40 |
| BACKUP EXEC | 6/22/2008 | MMQ | 5 | 769.88 | 649.53 | 87.52 |
| HP PAVILLION | 10/10/2008 | MMQ | 5 | 2,173.15 | 1,727.22 | 297.28 |
| AMAX | 11/30/2008 | MMQ | 5 | 5,154.56 | 4,096.66 | 705.15 |
| SYSTEMAX VEN | 11/29/2008 | MMQ | 5 | 599.99 | 476.86 | 82.08 |
| COMP EQUIP | 12/15/2008 | MMQ | 5 | 607.88 | 483.15 | 83.16 |
| INTEL PRO SERVE | 12/27/2008 | MMQ | 5 | 537.96 | 427.57 | 73.59 |
| DESKTOP PC | 1/31/2007 | SL/N/A | 5 | 847.17 | 494.17 | 169.43 |
| PROSAFE 48 PO | 1/31/2007 | SL/N/A | 5 | 739.02 | 431.08 | 147.80 |
| NETGEAR COMP | 2/21/2007 | SL/N/A | 5 | 1,191.80 | 675.35 | 238.36 |
| HP DX2200 CO | 2/28/2007 | SL/N/A | 5 | 970.78 | 550.12 | 194.16 |
| HP DX5150L | 2/28/2007 | SL/N/A | 5 | 693.86 | 393.18 | 138.77 |
| DESKTOP PC | 2/28/2007 | SL/N/A | 5 | 632.43 | 358.39 | 126.49 |
| LCD MONITOR | 2/28/2007 | SL/N/A | 5 | 182.52 | 103.42 | 36.50 |
| DESKTOP PC | 2/28/2007 | SL/N/A | 5 | 628.13 | 355.95 | 125.63 |
| 3 LCD MONITOR | 2/28/2007 | SL/N/A | 5 | 664.39 | 376.49 | 132.88 |
| MINI DESKTOP | 3/15/2007 | SL/N/A | 5 | 1,039.96 | 589.30 | 207.99 |
| COMPUTER OUT | 3/27/2007 | SL/N/A | 5 | 55.71 | 30.64 | 11.14 |
| COMPUTER POW | 3/27/2007 | SL/N/A | 5 | 148.44 | 81.65 | 29.69 |
| COMPUTER CAT | 3/27/2007 | SL/N/A | 5 | 1,011.17 | 558.13 | 202.23 |
| COMPUTER POR | 3/27/2007 | SL/N/A | 5 | 1,435.60 | 789.58 | 287.12 |
| COMPUTER OUT | 3/27/2007 | SL/N/A | 5 | 290.23 | 159.64 | 58.05 |
| COMPUTER EQUIP | 3/27/2007 | SL/N/A | 5 | 1,589.14 | 874.03 | 317.83 |
| COMPUTER ANT | 3/27/2007 | SL/N/A | 5 | 849.60 | 467.28 | 169.92 |
| DESKTOP PC | 3/27/2007 | SL/N/A | 5 | 644.22 | 354.31 | 128.84 |
| MOUSE AND KE | 3/27/2007 | SL/N/A | 5 | 59.98 | 33.00 | 12.00 |
| MONO LASER P | 3/31/2007 | SL/N/A | 5 | 428.42 | 235.62 | 85.68 |
| DESKTOP PC | 3/31/2007 | SL/N/A | 5 | 652.78 | 359.04 | 130.56 |
| DESKTOP PC | 3/31/2007 | SL/N/A | 5 | 812.72 | 336.99 | 122.54 |

## SIENA PROPERTY - ASSET LIST

| DESCRIPTION | DATE IN SERVICE | METHOD | LIFE | COST | ACCUM. DEPRECIATION AT 12/31/09 | 2010 ESTIMATED DEPRECIATION |
|---|---|---|---|---|---|---|
| DESKTOP PC | 3/31/2007 | SL/N/A | 5 | 651.72 | 358.44 | 130.34 |
| LCD MONITOR | 3/31/2007 | SL/N/A | 5 | 191.05 | 88.58 | 32.21 |
| DESKTOP PC | 3/31/2007 | SL/N/A | 5 | 542.20 | 298.21 | 108.44 |
| COMPUTER SW | 3/31/2007 | SL/N/A | 5 | 741.92 | 408.09 | 148.38 |
| COMPUTER EQ | 3/31/2007 | SL/N/A | 5 | 591.07 | 325.08 | 118.21 |
| COMPUTER EQ | 3/31/2007 | SL/N/A | 5 | 230.95 | 127.02 | 46.19 |
| COMPUTER CAT | 3/31/2007 | SL/N/A | 5 | 47.98 | 26.40 | 9.60 |
| COMPUTER EQ | 4/25/2007 | SL/N/A | 5 | 36.18 | 19.31 | 7.24 |
| MICROS COMPUTER SYS | 4/30/2007 | SL/N/A | 5 | 129,823.89 | 69,239.41 | 25,964.78 |
| COMPUTER EQ | 4/1/2007 | SL/N/A | 5 | 837.50 | 460.83 | 167.50 |
| DESKTOP PC | 4/25/2007 | SL/N/A | 5 | 1,298.10 | 692.32 | 259.62 |
| SOFTWARE UPGRADE | 4/25/2007 | SL/N/A | 5 | 10,271.50 | 5,478.13 | 2,054.30 |
| DESKTOP PC | 4/30/2007 | SL/N/A | 5 | 2,013.45 | 1,073.84 | 402.69 |
| DESKTOP PC | 4/30/2007 | SL/N/A | 5 | 3,435.95 | 1,832.51 | 687.19 |
| COMPUTER EQ | 5/9/2007 | SL/N/A | 5 | 2,735.29 | 1,458.83 | 547.06 |
| COMPUTER EQ | 5/31/2007 | SL/N/A | 5 | 1,071.30 | 553.50 | 214.28 |
| DELL COMPUTER-Prod Devel | 5/31/2007 | SL/N/A | 5 | 10,658.04 | 5,506.66 | 2,131.61 |
| PC | 5/31/2007 | SL/N/A | 5 | 703.28 | 363.37 | 140.66 |
| COMPUTER EQ | 5/31/2007 | SL/N/A | 5 | 10,745.46 | 5,551.82 | 2,149.09 |
| COMPUTER EQ | 5/31/2007 | SL/N/A | 5 | 2,969.99 | 1,534.50 | 594.00 |
| COMPUTER EQ | 5/31/2007 | SL/N/A | 5 | 7,377.47 | 3,811.68 | 1,475.49 |
| 3 LCD MONITOR | 6/13/2007 | SL/N/A | 5 | 601.28 | 310.65 | 120.25 |
| WIRELESS ROUTER | 6/11/2007 | SL/N/A | 5 | 286.57 | 148.05 | 57.31 |
| LCD TELEVISION | 6/29/2007 | SL/N/A | 5 | 987.83 | 493.93 | 197.57 |
| DELL COMPUTER - Prod Devel | 6/29/2007 | SL/N/A | 5 | 8,902.82 | 4,401.40 | 1,780.56 |
| MICROS TRAINING | 6/30/2007 | SL/N/A | 5 | 851.36 | 426.68 | 170.27 |
| RACKFORM SERV | 6/30/2007 | SL/N/A | 5 | 876.18 | 438.10 | 175.24 |
| DELL COMPUTER-Prod Devel | 7/11/2007 | SL/N/A | 5 | 3,855.90 | 1,927.90 | 771.18 |
| 4 COMPUTERS | 7/24/2007 | SL/N/A | 5 | 2,687.92 | 1,299.15 | 537.58 |
| DELL COMPUTER - Prod Devel | 7/27/2007 | SL/N/A | 5 | 3,221.25 | 1,558.94 | 644.25 |
| DELL COMPUTER - Prod Devel | 7/27/2007 | SL/N/A | 5 | 3,855.91 | 1,863.64 | 771.18 |
| DELL COMPUTER - Prod Devel | 7/27/2007 | SL/N/A | 5 | 3,221.25 | 1,558.94 | 644.25 |
| DELL COMPUTER | 7/30/2007 | SL/N/A | 5 | 1,401.99 | 677.63 | 280.40 |
| 4 COMPUTERS | 8/31/2007 | SL/N/A | 5 | 2,644.76 | 1,234.22 | 528.95 |
| DELL COMPUTER | 8/31/2007 | SL/N/A | 5 | 5,544.84 | 2,587.60 | 1,108.97 |
| DELL COMPUTER - Prod Devel | 8/31/2007 | SL/N/A | 5 | 3,582.05 | 1,671.62 | 716.41 |
| DELL COMPUTER - Prod Devel | 8/31/2007 | SL/N/A | 5 | 1,040.49 | 485.57 | 208.10 |
| 5 PC'S AND MO | 8/30/2007 | SL/N/A | 5 | 3,331.63 | 1,499.20 | 666.31 |
| DELL COMPUTER | 9/30/2007 | SL/N/A | 5 | 5,172.29 | 2,327.54 | 1,034.46 |
| DELL MRKT LP PO 3192 | 1/31/2008 | SL/N/A | 5 | 1,010.43 | 387.34 | 202.09 |
| PHOENIX KIOSK 252 | 2/7/2008 | SL/N/A | 5 | 5,921.73 | 2,270.00 | 1,184.35 |
| DELL XC650DR39,XC661X36 | 2/29/2008 | SL/N/A | 5 | 292.08 | 107.10 | 58.42 |
| DELL MRKT LP PO 3343 - Prod Devel | 3/31/2008 | SL/N/A | 5 | 1,688.61 | 591.01 | 337.72 |
| MAC SUPER DRIVE COMP | 6/17/2008 | SL/N/A | 5 | 2,934.59 | 880.38 | 586.92 |
| SMART UPS 8 SYSTEM | 6/17/2008 | SL/N/A | 5 | 3,634.84 | 424.06 | 726.96 |
| MAC BOOK PRO - KYLE NG | 8/19/2009 | SL/N/A | 5 | 2,909.74 | 145.50 | 582.00 |
| | | | | 1,651,221.09 | 1,503,016.79 | 64,105.84 |
| Sale of Acres System to Baldini's | 2/15/2010 | | | -447,344.00 | -447,344.00 | |
| | | | | | | |
| **1530-002-00 COMPUTER EQUIPMENT** | | | | 1,203,877.09 | 1,055,672.79 | 64,105.84 |
| | | | | | | |
| **1530-003-00 GAMING EQUIPMENT** | | | | | | |
| DEALER PLATFORM | 8/9/2001 | M/HY | 5 | 1,003.86 | 1,003.86 | 0.00 |
| CASINO EQUIPMENT | 7/6/2001 | M/HY | 5 | 1,625.00 | 1,625.00 | 0.00 |
| CASINO EQUIPMENT | 2/9/2001 | M/HY | 5 | 2,600.00 | 2,600.00 | 0.00 |
| CARD CONFIGURATION | 6/29/2001 | M/HY | 5 | 3,236.06 | 3,236.06 | 0.00 |
| IMPRINTER SYSTEM | 4/17/2001 | M/HY | 5 | 6,064.20 | 6,064.20 | 0.00 |
| CASINO EQUIPMENT | 4/9/2001 | M/HY | 5 | 2,110.00 | 2,110.00 | 0.00 |
| CASINO EQUIPMENT | 8/20/2001 | M/HY | 5 | 7,493.96 | 7,493.96 | 0.00 |
| GAMING EQUIPMENT | 8/13/2001 | M/HY | 5 | 4,331.65 | 4,331.65 | 0.00 |
| CABLING AND LA | 8/1/2001 | M/HY | 5 | 15,015.00 | 15,015.00 | 0.00 |
| FREE FORM ALUM | 8/30/2001 | M/HY | 5 | 16,623.76 | 16,623.76 | 0.00 |
| TABLE GAMES | 8/19/2001 | M/HY | 5 | 138,545.33 | 138,545.33 | 0.00 |
| SLOT BASES | 1/1/2001 | M/HY | 5 | 79,614.80 | 79,614.80 | 0.00 |
| VIDEO SECURITY | 11/2/2001 | M/HY | 5 | 541,693.93 | 541,693.93 | 0.00 |
| GAMING FURNITURE | 12/31/2001 | M/HY | 5 | 3,034.12 | 3,034.12 | 0.00 |
| INFLATABLE MONEY M | 10/16/2002 | M/HY | 5 | 4,633.20 | 4,633.20 | 0.00 |
| MULTI-SHIFT BOX | 4/30/2003 | M/HY | 5 | 17,427.84 | 17,427.84 | 0.00 |
| PLASMA SCREEN disposed 6/09 | 10/21/2003 | M/HY | 5 | 0.00 | 0.00 | 0.00 |
| 4 GATEWAY disposed 1 tv 6/09 | 7/31/2004 | M/MQ | 5 | 7,408.81 | 7,408.81 | 0.00 |
| CEILING MOUNT | 8/31/2004 | M/MQ | 5 | 1,484.36 | 1,484.36 | 0.00 |
| KENO MARBLE | 8/31/2004 | M/MQ | 5 | 5,016.76 | 5,016.76 | 0.00 |
| SLOT TICKET | 11/1/2004 | M/MQ | 5 | 41,342.26 | 41,342.26 | 0.00 |
| TITO LICENSE | 11/10/2005 | M/HY | 5 | 8,375.25 | 7,892.84 | 482.41 |
| 2 POWER SUPP | 11/29/2005 | M/HY | 5 | 2,629.61 | 2,478.14 | 151.47 |
| CVT EZ PAY | 2/3/2006 | M/MQ | 7 | 3,752.78 | 2,727.04 | 410.29 |
| CVT EZ PAY | 2/22/2006 | M/MQ | 7 | 3,436.00 | 2,496.86 | 375.65 |
| EZ PAY PARTS | 3/3/2006 | M/MQ | 7 | 1,181.13 | 858.30 | 129.13 |
| IGT LICENSES | 3/9/2006 | M/MQ | 7 | 3,221.25 | 2,340.81 | 352.18 |

LA/361826.1

## SIENA PROPERTY - ASSET LIST

| DESCRIPTION | DATE IN SERVICE | METHOD | LIFE | COST | ACCUM. DEPRECIATION AT 12/31/09 | 2010 ESTIMATED DEPRECIATION |
|---|---|---|---|---|---|---|
| PRINTERS | 3/13/2008 | M/MQ | 7 | 4,681.94 | 3,402.25 | 511.87 |
| MONITORS | 7/22/2008 | M/MQ | 7 | 1,325.00 | 893.66 | 172.45 |
| EZ PAY LICENSE | 8/4/2008 | M/MQ | 7 | 2,254.88 | 1,521.17 | 293.48 |
| DEVICE HOOK UP | 9/11/2008 | M/MQ | 7 | 2,577.00 | 1,738.49 | 335.41 |
| HOOK UP FEE | 10/27/2008 | M/MQ | 7 | 2,577.00 | 1,671.40 | 382.24 |
| CURRENCY & TIC | 10/9/2008 | M/MQ | 7 | 33,976.67 | 22,036.72 | 4,775.96 |
| BLACK SLOT STA | 9/21/2008 | M/MQ | 7 | 1,313.01 | 885.77 | 170.69 |
| CONVERSION KIT | 9/27/2008 | M/MQ | 7 | 5,593.50 | 3,766.71 | 726.72 |
| 24 ROUNDTOP | 11/13/2008 | M/MQ | 7 | 9,019.50 | 5,849.90 | 1,267.84 |
| 42" PLASMA | 11/29/2008 | M/MQ | 7 | 1,234.80 | 800.87 | 173.57 |
| 74 IGT EZ PAY | 12/12/2008 | M/MQ | 7 | 23,837.25 | 15,460.48 | 3,350.72 |
| PLASMA EDTV | 1/31/2007 | SL/N/A | 5 | 1,180.88 | 688.86 | 236.18 |
| ROULETTE WHEEL | 5/17/2007 | SL/N/A | 5 | 3,935.25 | 2,033.21 | 787.05 |
| POKER TABLE/SERVER CARTS-sold 10/14/09 | 6/30/2007 | SL/N/A | 5 | 0.00 | 0.00 | 0.00 |
| 1530-003-00 GAMING EQUIPMENT | | | | 1,018,597.37 | 980,048.35 | 15,075.53 |
| | | | | | | |
| **1530-004-00 HOTEL EQUIPMENT** | | | | | | |
| INSTALL CAT-5 C | 8/1/2001 | M/HY | 5 | 83,100.00 | 83,100.00 | 0.00 |
| 20 BEVELED ED | 7/31/2001 | M/HY | 5 | 6,219.53 | 6,219.53 | 0.00 |
| HOTEL EQUIPMENT | 10/18/2001 | M/HY | 5 | 369.69 | 369.69 | 0.00 |
| HOTEL EQUIPMENT | 10/18/2001 | M/HY | 5 | 1,207.59 | 1,207.59 | 0.00 |
| HOTEL EQUIPMENT | 4/19/2001 | M/HY | 5 | 1,221.44 | 1,221.44 | 0.00 |
| SPEAKER MONITOR | 12/10/2001 | M/HY | 5 | 1,392.11 | 1,392.11 | 0.00 |
| FURNITURE | 5/3/2001 | M/HY | 5 | 2,979.57 | 2,979.57 | 0.00 |
| COMMERCIAL S | 9/30/2001 | M/HY | 5 | 3,000.39 | 3,000.39 | 0.00 |
| HOTEL EQUIPMENT | 7/23/2001 | M/HY | 5 | 3,792.36 | 3,792.36 | 0.00 |
| NITE LIGHTS | 4/9/2001 | M/HY | 5 | 4,669.80 | 4,669.80 | 0.00 |
| HOTEL EQUIPMENT | 8/17/2001 | M/HY | 5 | 4,700.77 | 4,700.77 | 0.00 |
| HOTEL EQUIPMENT | 1/5/2001 | M/HY | 5 | 8,461.86 | 8,461.86 | 0.00 |
| HOTEL EQUIPMENT | 3/12/2001 | M/HY | 5 | 8,688.30 | 8,688.30 | 0.00 |
| HIGH PERFORMA | 10/4/2001 | M/HY | 5 | 8,840.00 | 8,840.00 | 0.00 |
| HOTEL EQUIPMENT | 10/12/2001 | M/HY | 5 | 12,100.00 | 12,100.00 | 0.00 |
| HOTEL EQUIPMENT | 5/23/2001 | M/HY | 5 | 13,016.54 | 13,016.54 | 0.00 |
| HOTEL EQUIPMENT | 8/17/2001 | M/HY | 5 | 17,334.08 | 17,334.08 | 0.00 |
| HOTEL EQUIPMENT | 6/21/2001 | M/HY | 5 | 17,886.60 | 17,886.60 | 0.00 |
| HOTEL EQUIPMENT | 6/6/2001 | M/HY | 5 | 18,598.03 | 18,598.03 | 0.00 |
| KEYCARDS | 8/20/2001 | M/HY | 5 | 21,137.36 | 21,137.36 | 0.00 |
| HOTEL CLEANING | 8/20/2001 | M/HY | 5 | 22,002.13 | 22,002.13 | 0.00 |
| HOTEL EQUIPMENT | 8/20/2001 | M/HY | 5 | 23,498.83 | 23,498.83 | 0.00 |
| HOTEL EQUIPMENT | 9/17/2001 | M/HY | 5 | 23,732.28 | 23,732.28 | 0.00 |
| DRAPERIES | 9/17/2001 | M/HY | 5 | 32,645.43 | 32,645.43 | 0.00 |
| HOTEL EQUIPMENT | 7/24/2001 | M/HY | 5 | 37,959.46 | 37,959.46 | 0.00 |
| SAFE KIT HT | 8/15/2001 | M/HY | 5 | 43,895.02 | 43,895.02 | 0.00 |
| EXTRACTOR | 3/12/2001 | M/HY | 5 | 45,335.48 | 45,335.48 | 0.00 |
| HOTEL EQUIPMENT | 6/21/2001 | M/HY | 5 | 46,326.96 | 46,326.96 | 0.00 |
| LOCKER BAG SY | 3/12/2001 | M/HY | 5 | 48,148.88 | 48,148.88 | 0.00 |
| HOTEL LOCKING S | 6/19/2001 | M/HY | 5 | 50,083.23 | 50,083.23 | 0.00 |
| TVS/VCRS | 8/7/2001 | M/HY | 5 | 90,147.92 | 90,147.92 | 0.00 |
| SOFTWARE - MIC | 7/25/2001 | SL/N/A | 3 | 119,940.00 | 119,940.00 | 0.00 |
| MOTOROLA COM | 12/1/2001 | M/HY | 5 | 121,527.22 | 121,527.22 | 0.00 |
| HOTEL EQUIPMENT | 4/17/2001 | M/HY | 5 | 151,749.12 | 151,749.12 | 0.00 |
| TELEPHONE SYS | 1/1/2001 | M/HY | 5 | 248,985.14 | 248,985.14 | 0.00 |
| VIDEO AND MU | 8/13/2001 | M/HY | 5 | 386,587.72 | 386,587.72 | 0.00 |
| VACUUM | 2/12/2003 | M/HY | 5 | 2,140.71 | 2,140.71 | 0.00 |
| SWEEPER | 2/12/2003 | M/HY | 5 | 3,382.99 | 3,382.99 | 0.00 |
| SCRUBBER | 2/12/2003 | M/HY | 5 | 3,962.89 | 3,962.89 | 0.00 |
| FLOOR MACHINE | 2/12/2003 | M/HY | 5 | 927.71 | 927.71 | 0.00 |
| SCRUBBER | 2/12/2003 | M/HY | 5 | 3,962.89 | 3,962.89 | 0.00 |
| FLOOR MACHINE | 2/12/2003 | M/HY | 5 | 940.82 | 940.82 | 0.00 |
| BATH TUB | 11/1/2003 | M/HY | 5 | 4,547.33 | 4,547.33 | 0.00 |
| BATH TUB | 11/1/2003 | M/HY | 5 | 4,547.33 | 4,547.33 | 0.00 |
| BATH TUB | 11/1/2003 | M/HY | 5 | 4,547.33 | 4,547.33 | 0.00 |
| SCRUBBER | 2/12/2003 | M/HY | 5 | 1,452.99 | 1,452.99 | 0.00 |
| REFRIGERATION F | 2/26/2004 | M/MQ | 5 | 1,391.93 | 1,391.93 | 0.00 |
| WASHER & DRYER | 3/31/2004 | M/HY | 5 | 1,683.78 | 1,683.78 | 0.00 |
| BATH TUBS | 8/6/2004 | M/MQ | 5 | 11,487.85 | 11,487.85 | 0.00 |
| PBX CONSOLE | 7/31/2004 | M/MQ | 5 | 1,103.91 | 1,103.91 | 0.00 |
| HOTEL INTER | 9/1/2004 | M/MQ | 5 | 11,996.85 | 11,996.85 | 0.00 |
| LAUNDRY EQ | 9/1/2004 | M/MQ | 5 | 75,067.80 | 75,067.80 | 0.00 |
| FLATWORK C | 12/31/2004 | M/MQ | 5 | 1,465.56 | 1,465.56 | 0.00 |
| SNOW BLOWER | 12/31/2004 | M/MQ | 5 | 2,836.06 | 2,836.06 | 0.00 |
| PRODUCTION OF | 2/17/2005 | M/HY | 3 | 23,200.00 | 23,200.00 | 0.00 |
| CARPET EXTRACT | 7/22/2005 | M/HY | 5 | 4,241.31 | 3,997.01 | 244.30 |
| 2 ENCODER, HT | 10/28/2005 | M/HY | 5 | 5,189.51 | 4,890.59 | 298.92 |
| PW600 PROFIT | 12/8/2005 | M/HY | 5 | 4,349.83 | 4,099.09 | 250.54 |
| WINDOW CRAN | 1/31/2008 | M/MQ | 5 | 5,011.03 | 4,380.25 | 551.80 |
| FIRE PANEL | 2/23/2006 | M/HY | 5 | 1,804.00 | 1,580.51 | 198.85 |
| NET CAM VIDEO | 9/22/2006 | M/HY | 5 | 1,825.10 | 1,245.09 | 186.67 |
| HOTEL EQUIPMENT | 12/31/2005 | M/HY | 5 | 2,542.71 | 2,359.65 | 183.08 |
| CORD ELECTRIC/ | 3/29/2007 | SL/N/A | 5 | 5,537.97 | 3,045.87 | 1,107.59 |

## SIENA PROPERTY - ASSET LIST

| DESCRIPTION | DATE IN SERVICE | METHOD | LIFE | COST | ACCUM. DEPRECIATION AT 12/31/09 | 2010 ESTIMATED DEPRECIATION |
|---|---|---|---|---|---|---|
| 1530-004-00 HOTEL EQUIPMENT | | | | 1,921,898.85 | 1,917,305.63 | 3,021.55 |
| | | | | | | |
| 1530-005-00 OFFICE EQUIPMENT | | | | | | |
| CUSTOM SOFTWARE | 3/31/2004 | SL/NA | 3 | 1,932.75 | 1,932.75 | 0.00 |
| PROJECTOR | 3/29/2004 | M/MQ | 5 | 1,242.39 | 1,242.39 | 0.00 |
| MOUSE, SPEAKERS | 4/9/2004 | M/MQ | 5 | 94.45 | 94.45 | 0.00 |
| 1530-005-00 OFFICE EQUIPMENT | | | | 3,269.59 | 3,269.59 | 0.00 |
| | | | | | | |
| 1530-006-00 RESTAURANT EQUIPMENT | | | | | | |
| FREIGHT CHARGE | 8/7/2001 | M/HY | 5 | 111.78 | 111.78 | 0.00 |
| CHEST | 9/5/2001 | M/HY | 5 | 1,080.51 | 1,080.51 | 0.00 |
| UNIVEX MEAT G | 7/30/2001 | M/HY | 5 | 1,284.10 | 1,284.10 | 0.00 |
| KITCHEN EQUIPMENT | 8/17/2001 | M/HY | 5 | 1,311.28 | 1,311.28 | 0.00 |
| DOUBLE BURNER | 7/10/2001 | M/HY | 5 | 1,374.33 | 1,374.33 | 0.00 |
| RESTAURANT FUR | 5/4/2001 | M/HY | 5 | 1,980.17 | 1,980.17 | 0.00 |
| KITCHEN EQUIPMENT | 6/29/2001 | M/HY | 5 | 2,394.99 | 2,394.99 | 0.00 |
| ENOTECA CONS | 3/15/2001 | M/HY | 5 | 2,400.00 | 2,400.00 | 0.00 |
| BARSTOOLS | 10/16/2001 | M/HY | 5 | 3,092.08 | 3,092.08 | 0.00 |
| ENOTECA CONS | 2/2/2001 | M/HY | 5 | 4,000.00 | 4,000.00 | 0.00 |
| KITCHEN EQUIPMENT | 8/9/2001 | M/HY | 5 | 4,036.27 | 4,036.27 | 0.00 |
| RESTAURANT EQ | 7/27/2001 | M/HY | 5 | 6,409.80 | 6,409.80 | 0.00 |
| GLASSWARE | 9/6/2001 | M/HY | 5 | 10,125.77 | 10,125.77 | 0.00 |
| KITCHEN EQUIPMENT | 11/2/2001 | M/HY | 5 | 11,300.75 | 11,300.75 | 0.00 |
| LINENS | 8/21/2001 | M/HY | 5 | 9,881.57 | 9,881.57 | 0.00 |
| PORTABLE DANCE FL | 8/16/2001 | M/HY | 5 | 18,374.86 | 18,374.86 | 0.00 |
| ENOTECA CONS | 6/11/2001 | M/HY | 5 | 25,600.00 | 25,600.00 | 0.00 |
| KITCHEN EQUIPMENT | 9/8/2001 | M/HY | 5 | 28,231.08 | 28,231.08 | 0.00 |
| REFRIGERATOR | 7/6/2001 | M/HY | 5 | 30,242.92 | 30,242.92 | 0.00 |
| KITCHEN EQUIPMENT | 8/20/2001 | M/HY | 5 | 44,079.00 | 44,079.00 | 0.00 |
| INSTALLATION OF | 9/13/2001 | M/HY | 5 | 46,439.88 | 46,439.88 | 0.00 |
| DISHWARE | 5/23/2001 | M/HY | 5 | 62,822.34 | 62,822.34 | 0.00 |
| DISHWARE | 6/19/2001 | M/HY | 5 | 76,430.07 | 76,430.07 | 0.00 |
| KITCHEN EQUIPMENT | 6/8/2001 | M/HY | 5 | 182,309.00 | 182,309.00 | 0.00 |
| KITCHEN EQUIPMENT | 8/13/2001 | M/HY | 5 | 2,163,935.00 | 2,163,935.00 | 0.00 |
| BAR EQUIPMENT | 12/31/2001 | M/HY | 5 | 699.80 | 699.80 | 0.00 |
| LINCOLN/TICON | 11/14/2002 | M/HY | 5 | 669.24 | 669.24 | 0.00 |
| TROLLEY | 12/11/2002 | M/HY | 5 | 1,809.03 | 1,809.03 | 0.00 |
| LINCOLN BEAN | 12/4/2002 | M/HY | 5 | 671.39 | 671.39 | 0.00 |
| HOT FOOD PORT | 2/13/2003 | M/HY | 5 | 1,586.12 | 1,586.12 | 0.00 |
| SECURITY MOBIL | 2/28/2003 | M/HY | 5 | 807.27 | 807.27 | 0.00 |
| CART ROLL TOP | 3/31/2003 | M/HY | 5 | 766.11 | 766.11 | 0.00 |
| CONVEYOR FOOD | 4/10/2003 | M/HY | 5 | 1,282.34 | 1,282.34 | 0.00 |
| BAKERY CHAFER | 4/30/2003 | M/HY | 5 | 1,586.68 | 1,586.68 | 0.00 |
| BAKERY CHAFER | 9/18/2003 | M/HY | 5 | 778.47 | 778.47 | 0.00 |
| OBLONG CHAFER | 2/9/2004 | M/MQ | 5 | 815.58 | 815.58 | 0.00 |
| SANITIZING EQ | 3/31/2004 | M/MQ | 5 | 1,088.38 | 1,088.38 | 0.00 |
| STOVE | 5/11/2004 | M/MQ | 5 | 5,716.65 | 5,716.65 | 0.00 |
| SALAD BAR | 5/24/2004 | M/MQ | 5 | 1,690.31 | 1,690.31 | 0.00 |
| SALAD BAR | 6/4/2004 | M/MQ | 5 | 1,690.31 | 1,690.31 | 0.00 |
| SALAD DRYER | 7/5/2005 | M/HY | 5 | 1,785.42 | 1,682.58 | 102.84 |
| HARDWOOD MA | 10/24/2005 | M/HY | 5 | 2,074.22 | 1,954.74 | 119.48 |
| TWO FOOD STOR | 7/31/2005 | M/HY | 5 | 1,287.57 | 1,213.41 | 74.16 |
| HITACHI CP-X4 | 7/13/2005 | M/HY | 5 | 2,146.43 | 2,022.80 | 123.63 |
| STARBUCKS VEN | 2/14/2006 | M/MQ | 5 | 10,983.40 | 9,622.75 | 1,208.47 |
| FROZEN DRINK | 5/17/2006 | M/MQ | 5 | 1,438.43 | 1,213.58 | 163.52 |
| CHOCOLATE FO | 6/20/2006 | M/MQ | 5 | 1,982.06 | 1,601.83 | 240.16 |
| RESTAURANT RE | 1/31/2007 | SL/NA | 5 | 4,000.00 | 2,333.33 | 800.00 |
| RESTAURANT RE | 2/28/2007 | SL/NA | 5 | 4,000.00 | 2,266.67 | 800.00 |
| RE-UPHOLSTERY | 3/31/2007 | SL/NA | 5 | 4,975.00 | 2,736.25 | 995.00 |
| SMOKE OVEN | 5/10/2007 | SL/NA | 5 | 8,016.36 | 4,276.39 | 1,603.27 |
| HEATED BANQUET | 9/30/2007 | SL/NA | 5 | 6,577.40 | 2,959.88 | 1,315.50 |
| RESTAURANT EQ | 11/30/2007 | SL/NA | 5 | 3,672.18 | 1,530.08 | 734.44 |
| WELLS WARMER | 11/30/2007 | SL/NA | 5 | 1,773.03 | 738.77 | 354.61 |
| RACK-CONTRAC | 11/30/2007 | SL/NA | 5 | 91.27 | 38.02 | 18.25 |
| FOOD WARMER | 11/30/2007 | SL/NA | 5 | 2,271.09 | 946.29 | 454.22 |
| TRUE EQUIP CO. | 11/30/2007 | SL/NA | 5 | 4,702.84 | 1,959.52 | 940.57 |
| REFREGERATOR C | 11/30/2007 | SL/NA | 5 | 3,998.55 | 1,666.06 | 799.71 |
| SHELVES AND C | 11/30/2007 | SL/NA | 5 | 3,187.48 | 1,328.12 | 637.50 |
| CIRCUIT BREAKER | 11/30/2007 | SL/NA | 5 | 116.70 | 48.62 | 23.34 |
| SUPPLIES COR | 11/30/2007 | SL/NA | 5 | 361.17 | 150.48 | 72.23 |
| GAS RANGE CO | 11/30/2007 | SL/NA | 5 | 7,028.43 | 2,927.69 | 1,405.29 |
| GAS CONNECTION | 11/30/2007 | SL/NA | 5 | 885.84 | 369.10 | 177.17 |
| GAS FRYER CON | 11/30/2007 | SL/NA | 5 | 857.93 | 357.48 | 171.59 |
| AIR CONDITION | 11/30/2007 | SL/NA | 5 | 537.83 | 224.10 | 107.57 |
| SATURN CHARB | 11/30/2007 | SL/NA | 5 | 3,240.28 | 1,350.12 | 648.08 |
| ELECTRIC HAND TRUCK | 7/3/2008 | SL/NA | 5 | 4,544.12 | 1,363.23 | 908.82 |
| CONTRADA 20 CHAIRS | 9/30/2008 | SL/NA | 5 | 1,778.99 | 444.75 | 355.80 |
| MICROS UPDATE W/SLOT SYS | 9/25/2008 | SL/NA | 5 | 5,000.00 | 1,250.00 | 1,000.00 |
| 1530-006-00 RESTAURANT EQUIPMENT | | | | 2,854,189.37 | 2,611,452.89 | 16,356.18 |

**SIENA PROPERTY - ASSET LIST**

| DESCRIPTION | DATE IN SERVICE | METHOD | LIFE | COST | ACCUM. DEPRECIATION AT 12/31/09 | 2010 ESTIMATED DEPRECIATION |
|---|---|---|---|---|---|---|
| **1530-007-00 RETAIL EQUIPMENT** | | | | | | |
| CIGARETTE VENDING | 4/1/2005 | M/HY | 5 | 2,643.25 | 2,491.00 | 152.25 |
| CIGARETTE VENDING | 4/21/2005 | M/HY | 5 | 2,643.25 | 2,491.00 | 152.25 |
| FURNITURE AND | 4/1/2005 | M/HY | 5 | 1,250.00 | 1,178.00 | 72.00 |
| FURNITURE AND | 4/21/2005 | M/HY | 5 | 1,250.00 | 1,178.00 | 72.00 |
| **1530-007-00 RETAIL EQUIPMENT** | | | | 7,786.50 | 7,338.00 | 448.50 |
| | | | | | | |
| **1530-008-00 SPA EQUIPMENT** | | | | | | |
| SPA EQUIPMENT | 10/5/2001 | M/HY | 5 | 128.72 | 128.72 | 0.00 |
| SPA EQUIPMENT | 10/5/2001 | M/HY | 5 | 388.16 | 388.16 | 0.00 |
| FREIGHT ON FURN | 8/1/2001 | M/HY | 5 | 1,521.45 | 1,521.45 | 0.00 |
| SPA EQUIPMENT | 10/5/2001 | M/HY | 5 | 1,769.90 | 1,769.90 | 0.00 |
| CHAIRSIDE CHES | 10/31/2001 | M/HY | 5 | 2,665.91 | 2,665.91 | 0.00 |
| SPA MANAGEM | 10/31/2001 | SL/N/A | 3 | 27,415.00 | 27,415.00 | 0.00 |
| SPA EQUIPMENT | 9/20/2001 | M/HY | 5 | 171,947.94 | 171,947.94 | 0.00 |
| WHIRLPOOL PEDEI | 10/10/2003 | M/HY | 5 | 2,890.39 | 2,890.39 | 0.00 |
| GEMINI SPA | 5/25/2005 | M/HY | 5 | 4,252.00 | 4,007.08 | 244.92 |
| **1530-008-00 SPA EQUIPMENT** | | | | 212,977.47 | 212,732.55 | 244.92 |
| | | | | | | |
| **1530-009-00 SURVEILLANCE EQUIPMENT** | | | | | | |
| TRANSACTION V | 4/30/2003 | M/HY | 5 | 1,576.83 | 1,576.83 | 0.00 |
| OVERALL SHIELD | 6/30/2003 | M/HY | 5 | 1,390.14 | 1,390.14 | 0.00 |
| NORTHERN VIDEO | 2/28/2007 | SL/N/A | 5 | 4,426.71 | 2,508.46 | 885.34 |
| SURVEILLANCE EQ | 11/21/2007 | SL/N/A | 5 | 1,990.00 | 829.17 | 398.00 |
| **1530-009-00 SURVEILLANCE EQUIPMENT** | | | | 9,383.68 | 6,304.60 | 1,283.34 |
| | | | | | | |
| **1530-010-00 SIGNAGE** | | | | | | |
| SIGNAGE | 11/2/2001 | M/HY | 5 | 1,094.91 | 1,094.91 | 0.00 |
| SIGNAGE INSTALL | 8/17/2001 | M/HY | 5 | 61,580.00 | 61,580.00 | 0.00 |
| SIGNAGE | 9/21/2001 | M/HY | 5 | 113,765.78 | 113,765.78 | 0.00 |
| SIGNAGE - Part sold to Baldini's 2/2010 | 7/11/2001 | M/HY | 5 | 578,284.93 | 578,284.93 | 0.00 |
| SIGNAGE | 10/4/2001 | M/HY | 5 | 815.10 | 815.10 | 0.00 |
| YESCO SIGN | 12/20/2001 | M/HY | 5 | 18,830.00 | 18,830.00 | 0.00 |
| NETWORK ELECTI | 4/26/2001 | M/HY | 5 | 5,450.00 | 5,450.00 | 0.00 |
| NETWORK ELECTI | 5/20/2001 | M/HY | 5 | 3,270.00 | 3,270.00 | 0.00 |
| NETWORK ELECTI | 5/31/2001 | M/HY | 5 | 15,825.00 | 15,825.00 | 0.00 |
| 2 SIGNS FOR TAB | 2/29/2004 | M/MQ | 5 | 6,151.94 | 6,151.94 | 0.00 |
| SIGNAGE | 3/31/2004 | M/MQ | 5 | 4,284.27 | 4,284.27 | 0.00 |
| ROULETTE SIGN | 4/1/2004 | M/MQ | 5 | 1,879.06 | 1,879.06 | 0.00 |
| SIGNAGE | 5/17/2004 | M/MQ | 5 | 1,481.13 | 1,481.13 | 0.00 |
| SIGNAGE | 11/5/2005 | M/HY | 5 | 2,633.91 | 2,482.20 | 151.71 |
| YESCO SIGN -F | 4/1/2007 | SL/N/A | 5 | 303,131.00 | 169,722.05 | 60,626.20 |
| VAN WRAP | 4/7/2008 | M/HY | 5 | 2,480.36 | 2,092.64 | 281.98 |
| BUYOUT OF ALL S | 7/21/2008 | M/MQ | 5 | 23,229.78 | 18,964.79 | 2,843.32 |
| YESCO - MATERIAL | 3/30/2007 | SL/N/A | 5 | 662.34 | 474.29 | 172.47 |
| YESCO - MATERIAL | 3/31/2007 | SL/N/A | 5 | 115.06 | 63.28 | 23.01 |
| YESCO - MATERIAL | 3/31/2007 | SL/N/A | 5 | 9.01 | 4.95 | 1.80 |
| YESCO - BUYOUT | 10/11/2007 | SL/N/A | 5 | 7,952.46 | 3,578.60 | 1,590.49 |
| | | | | 1,153,116.04 | 1,007,084.92 | 65,690.98 |
| Sale of Acres internal sign parts to Baldini's | 2/15/2010 | | | -40,211.48 | -40,211.48 | |
| Sale of Creative Surfaces Signs/Acres -Baldini's | 2/15/2010 | | | -516,708.05 | -516,708.05 | |
| **1530-010-00 SIGNAGE** | | | | 596,196.51 | 450,164.39 | 65,690.98 |
| | | | | | | |
| **1530-011-00 CAGE EQUIPMENT** | | | | | | |
| SCANNER  WISTA | 9/21/2001 | M/HY | 5 | 1,644.52 | 1,644.52 | 0.00 |
| 2 SLOT CHANGE | 8/20/2001 | M/HY | 5 | 2,788.50 | 2,788.50 | 0.00 |
| CAGE CABLING | 11/9/2001 | M/HY | 5 | 2,860.00 | 2,860.00 | 0.00 |
| CURRENCY COUNTER | 8/13/2001 | M/HY | 5 | 4,021.88 | 4,021.88 | 0.00 |
| DESKTOP CURRENCY | 8/13/2001 | M/HY | 5 | 4,879.68 | 4,879.68 | 0.00 |
| CAGE EQ | 5/31/2001 | M/HY | 5 | 7,750.00 | 7,750.00 | 0.00 |
| COIN CABINET | 8/17/2001 | M/HY | 5 | 7,911.86 | 7,911.86 | 0.00 |
| DROP BUCKETS | 8/22/2001 | M/HY | 5 | 11,822.44 | 11,822.44 | 0.00 |
| DUPLO SCANNER | 8/20/2001 | M/HY | 5 | 12,436.59 | 12,436.59 | 0.00 |
| 11 CAGE CART | 2/22/2001 | M/HY | 5 | 20,681.02 | 20,681.02 | 0.00 |
| 2 BILL BREAKER | 8/17/2001 | M/HY | 5 | 23,564.97 | 23,564.97 | 0.00 |
| TABLE GAMES/ | 11/6/2001 | M/HY | 5 | 25,766.81 | 25,766.81 | 0.00 |
| CUMMINS SELF | 4/19/2001 | M/HY | 5 | 60,972.70 | 60,972.70 | 0.00 |
| JET SORTERS (1) sold City of Reno 3/2010 | 8/20/2001 | M/HY | 5 | 75,404.57 | 75,404.57 | 0.00 |
| COUNT ROOM E | 8/13/2001 | M/HY | 5 | 178,971.29 | 178,971.29 | 0.00 |
| SCANNER | 9/4/2007 | SL/N/A | 5 | 1,175.76 | 548.68 | 235.15 |
| | | | | 442,552.79 | 442,025.71 | 235.15 |
| Sold (1) Jet Sorter -City of Reno 3/15/10 | 3/15/2010 | | | -14,084.54 | -14,084.54 | |
| **1530-011-00 CAGE EQUIPMENT** | | | | 428,568.25 | 427,941.17 | 235.15 |
| | | | | | | |
| **1530-012-00 PULSE - FURN,FIX &EQ** | | | | | | |
| BAND SOUND EQ AND WARRANTIES | 8/24/2009 | SL/N/A | 5 | 5,999.80 | 399.96 | 1,199.88 |
| 60 CHAIRS,20 TABLES, 2 SOFAS sold 36 chairs | 8/26/2009 | SL/N/A | 5 | 8,510.27 | 567.36 | 1,702.08 |
| CABLE-ROADMASTER HELIX - U | 8/26/2009 | SL/N/A | 5 | 969.53 | 64.64 | 193.92 |
| AUDIO CONNECTORS -N | 8/26/2009 | SL/N/A | 5 | 67.95 | 4.52 | 13.56 |
| | | | | 15,547.35 | 1,036.48 | 3,109.44 |

Siena Property - Asset List

**SIENA PROPERTY - ASSET LIST**

| DESCRIPTION | DATE IN SERVICE | METHOD | LIFE | COST | ACCUM. DEPRECIATION AT 12/31/09 | 2010 ESTIMATED DEPRECIATION |
|---|---|---|---|---|---|---|
| Sale of 36 White Chairs to employees | 2/1/2010 | | | -3,814.20 | -254.26 | -782.84 |
| 1530-012-00 PULSE-FURN,FIX & EQ | | | | 11,733.15 | 782.20 | 2,346.60 |
| | | | | | | |
| **1530-101-00 BAR FURNITURE** | | | | | | |
| TROPITONE - DI | 6/18/2001 | M/HY | 5 | 11,675.46 | 11,675.46 | 0.00 |
| BAR FURNITURE | 9/30/2003 | M/HY | 5 | 1,240.00 | 1,240.00 | 0.00 |
| REUPHOLSTER S | 6/26/2008 | M/MQ | 5 | 2,310.60 | 1,949.42 | 282.68 |
| 1530-101-00 BAR FURNITURE | | | | 15,226.06 | 14,864.88 | 282.68 |
| | | | | | | |
| **1530-103-00 GAMING FURNITURE** | | | | | | |
| SLOT MACHINE | 4/22/2004 | M/MQ | 5 | 859.00 | 859.00 | 0.00 |
| 47 CHROME PL | 4/21/2008 | M/MQ | 5 | 3,017.24 | 2,545.59 | 343.01 |
| FABRIC | 10/25/2008 | M/MQ | 5 | 2,397.42 | 1,905.47 | 327.97 |
| RE-UPHOLSTERY | 6/1/2007 | SL/N/A | 5 | 8,000.00 | 4,133.33 | 1,600.00 |
| 1530-103-00 GAMING FURNITURE | | | | 14,273.66 | 9,443.39 | 2,270.98 |
| | | | | | | |
| **1530-104-00 HOTEL FURNITURE** | | | | | | |
| GUEST SUPPLY | 11/1/2002 | M/HY | 5 | 5,114.13 | 5,114.13 | 0.00 |
| SERTA - 40 EACH | 11/12/2002 | M/HY | 5 | 14,693.25 | 14,693.25 | 0.00 |
| CARPET | 11/30/2004 | M/MQ | 5 | 78,973.00 | 78,973.00 | 0.00 |
| REUPHOLSTER F | 8/25/2005 | M/HY | 5 | 2,335.28 | 2,200.77 | 134.51 |
| FABRIC | 6/6/2006 | M/MQ | 5 | 735.84 | 620.85 | 83.63 |
| KOSTA FURNITURE | 2/28/2006 | M/MQ | 5 | 75,789.96 | 68,400.92 | 8,345.81 |
| FABRIC | 1/17/2006 | M/MQ | 5 | 2,800.32 | 2,453.41 | 308.37 |
| FABRIC | 8/8/2006 | M/MQ | 5 | 1,365.80 | 1,152.30 | 155.27 |
| FABRIC | 10/17/2006 | M/MQ | 5 | 3,172.08 | 2,521.17 | 433.94 |
| FABRIC | 6/13/2006 | M/MQ | 5 | 619.17 | 522.38 | 70.39 |
| FABRIC | 7/12/2006 | M/MQ | 6 | 2,438.63 | 1,990.90 | 298.49 |
| FABRIC | 9/28/2006 | M/MQ | 5 | 1,377.26 | 1,124.40 | 168.58 |
| UPHOLSTRY LABOR | 8/3/2006 | M/MQ | 5 | 1,000.00 | 816.40 | 122.40 |
| UPHOLSTRY LABOR | 8/10/2006 | M/MQ | 5 | 1,000.00 | 816.40 | 122.40 |
| UPHOLSTRY LABOR | 8/17/2006 | M/MQ | 5 | 1,000.00 | 816.40 | 122.40 |
| UPHOLSTRY LABOR | 8/24/2006 | M/MQ | 5 | 1,000.00 | 816.40 | 122.40 |
| UPHOLSTRY LABOR | 8/31/2006 | M/MQ | 5 | 1,000.00 | 816.40 | 122.40 |
| UPHOLSTRY LABOR | 9/7/2006 | M/MQ | 5 | 1,000.00 | 816.40 | 122.40 |
| UPHOLSTRY LABOR | 9/14/2006 | M/MQ | 5 | 1,000.00 | 816.40 | 122.40 |
| UPHOLSTRY LABOR | 9/21/2006 | M/MQ | 5 | 1,000.00 | 816.40 | 122.40 |
| UPHOLSTRY LABOR | 9/28/2006 | M/MQ | 5 | 1,000.00 | 816.40 | 122.40 |
| UPHOLSTRY LABOR | 10/5/2006 | M/MQ | 5 | 1,000.00 | 794.80 | 136.80 |
| UPHOLSTRY LABOR | 10/12/2006 | M/MQ | 5 | 1,000.00 | 794.80 | 136.80 |
| UPHOLSTRY LABOR | 10/19/2006 | M/MQ | 6 | 1,000.00 | 794.80 | 136.80 |
| UPHOLSTRY LABOR | 10/26/2006 | M/MQ | 5 | 1,000.00 | 794.80 | 136.80 |
| UPHOLSTRY LABOR | 11/2/2006 | M/MQ | 5 | 1,000.00 | 794.80 | 136.80 |
| UPHOLSTRY LABOR | 11/9/2006 | M/MQ | 5 | 1,000.00 | 794.80 | 136.80 |
| UPHOLSTRY LABOR | 11/16/2006 | M/MQ | 5 | 1,000.00 | 794.80 | 136.80 |
| UPHOLSTRY LABOR | 11/23/2006 | M/MQ | 5 | 1,000.00 | 794.80 | 136.80 |
| UPHOLSTRY LABOR | 11/30/2006 | M/MQ | 5 | 1,000.00 | 794.80 | 136.80 |
| UPHOLSTRY LABOR | 12/7/2006 | M/MQ | 5 | 1,000.00 | 794.80 | 136.80 |
| UPHOLSTRY LABOR | 12/14/2006 | M/MQ | 5 | 1,000.00 | 794.80 | 136.80 |
| UPHOLSTRY LABOR | 12/21/2006 | M/MQ | 5 | 1,000.00 | 794.80 | 136.80 |
| UPHOLSTRY LABOR | 12/28/2006 | M/MQ | 5 | 1,000.00 | 794.80 | 136.80 |
| HOTEL FURNITURE | 2/28/2007 | SL/N/A | 5 | 1,501.67 | 850.93 | 300.33 |
| HOTEL CHAIRS | 1/1/2008 | SL/N/A | 5 | 16,428.62 | 6,571.44 | 3,285.72 |
| 1530-104-00 HOTEL FURNITURE | | | | 229,344.81 | 202,869.95 | 18,465.04 |
| | | | | | | |
| **1530-105-00 RESTAURANT FURNITURE** | | | | | | |
| 9 SETS OF PATIO FURN | 5/6/2002 | M/HY | 5 | 2,380.86 | 2,380.86 | 0.00 |
| FABRIC | 2/28/2006 | M/MQ | 5 | 2,399.85 | 2,102.55 | 264.26 |
| MIL DON UPHOL | 5/9/2006 | M/MQ | 5 | 2,400.00 | 2,024.84 | 272.84 |
| MIL DON UPHOL | 5/16/2006 | M/MQ | 5 | 2,400.00 | 2,024.84 | 272.84 |
| MIL DON UPHOL | 5/23/2006 | M/MQ | 5 | 2,400.00 | 2,024.84 | 272.84 |
| MIL DON UPHOL | 5/30/2006 | M/MQ | 5 | 1,650.00 | 1,392.08 | 187.58 |
| MIL DON UPHOL | 6/6/2006 | M/MQ | 5 | 2,400.00 | 2,024.84 | 272.84 |
| FABRIC | 4/24/2006 | M/MQ | 5 | 3,432.74 | 2,895.15 | 390.25 |
| FABRIC | 5/12/2006 | M/MQ | 5 | 2,895.82 | 2,443.16 | 329.21 |
| 65 DINING CHAIRS | 5/4/2006 | M/MQ | 5 | 4,157.87 | 3,507.93 | 472.68 |
| 6 CHAIRS | 6/5/2006 | M/MQ | 5 | 2,400.00 | 2,024.84 | 272.84 |
| MIL DON UPHOL | 6/2/2006 | M/MQ | 5 | 2,382.50 | 1,993.21 | 288.58 |
| RE-UPHOLSTERY | 6/12/2007 | SL/N/A | 5 | 1,530.00 | 790.50 | 306.00 |
| ROBO COUPE/ | 9/28/2007 | SL/N/A | 5 | 4,101.36 | 1,845.61 | 820.27 |
| 30 CONTRADA CHAIRS-NRS | 4/14/2008 | SL/N/A | 5 | 2,670.55 | 934.69 | 534.11 |
| 1530-105-00 RESTAURANT FURNITURE | | | | 39,581.55 | 30,410.94 | 4,937.14 |
| | | | | | | |
| **1530-108-00 SPA FURNITURE** | | | | | | |
| PLANT POTS | 6/1/2007 | SL/N/A | 5 | 986.00 | 509.43 | 197.20 |
| PLANT POTS | 6/28/2007 | SL/N/A | 5 | 786.99 | 393.00 | 157.20 |
| CHAIRS/STOOLS/ | 8/14/2007 | SL/N/A | 5 | 2,171.82 | 1,049.70 | 434.36 |
| TABLES | 8/31/2007 | SL/N/A | 5 | 271.82 | 126.84 | 54.36 |
| TABLES | 8/31/2007 | SL/N/A | 5 | 473.22 | 220.83 | 94.64 |
| 1530-108-00 SPA FURNITURE | | | | 4,688.85 | 2,299.80 | 937.76 |

**SIENA PROPERTY - ASSET LIST**

| DESCRIPTION | DATE IN SERVICE | METHOD | LIFE | COST | ACCUM. DEPRECIATION AT 12/31/09 | 2010 ESTIMATED DEPRECIATION |
|---|---|---|---|---|---|---|
| **1630-109-00 FURNITURE AND FIXTURES** | | | | | | |
| SOFA AND CHAIR | 8/22/2001 | MHY | 5 | 214.50 | 214.50 | 0.00 |
| CHAIRS | 7/24/2001 | MHY | 5 | 268.91 | 268.91 | 0.00 |
| OFFICE EQUIPMENT | 10/31/2001 | MHY | 7 | 425.00 | 425.00 | 0.00 |
| NIGHTSTAND LAN | 5/10/2001 | MHY | 5 | 425.75 | 425.75 | 0.00 |
| HIGHCHAIRS, BO | 8/9/2001 | MHY | 5 | 57.70 | 57.70 | 0.00 |
| DESK | 7/17/2001 | MHY | 5 | 535.00 | 535.00 | 0.00 |
| OFFICE FURNITURE | 2/6/2001 | MHY | 7 | 543.76 | 543.76 | 0.00 |
| OFFICE FURNITURE | 4/16/2001 | MHY | 7 | 685.33 | 685.33 | 0.00 |
| FABRIC | 7/9/2001 | MHY | 5 | 731.52 | 731.52 | 0.00 |
| FURNISHINGS | 11/2/2001 | MHY | 5 | 855.86 | 855.86 | 0.00 |
| BANQUET BO | 6/11/2001 | MHY | 5 | 968.21 | 968.21 | 0.00 |
| TICKET DRUM | 8/2/2001 | MHY | 5 | 1,335.56 | 1,335.56 | 0.00 |
| DRAPERY FABRIC | 7/20/2001 | MHY | 5 | 1,536.18 | 1,536.18 | 0.00 |
| FURNITURE | 3/30/2001 | MHY | 5 | 1,584.79 | 1,584.79 | 0.00 |
| CONSOLE TABLE | 7/20/2001 | MHY | 5 | 1,726.73 | 1,726.73 | 0.00 |
| FABRIC | 5/23/2001 | MHY | 5 | 1,735.08 | 1,735.08 | 0.00 |
| LOUNGE CHAIR | 6/13/2001 | MHY | 5 | 1,663.18 | 1,663.18 | 0.00 |
| FABRIC | 7/26/2001 | MHY | 5 | 2,039.92 | 2,039.92 | 0.00 |
| OTTOMANS | 7/20/2001 | MHY | 5 | 2,915.00 | 2,915.00 | 0.00 |
| COWHIDE FABRIC | 8/23/2001 | MHY | 5 | 3,364.58 | 3,364.58 | 0.00 |
| FURNITURE | 6/11/2001 | MHY | 5 | 3,424.54 | 3,424.54 | 0.00 |
| FLATSCREEN TV | 9/13/2001 | MHY | 5 | 589.85 | 589.85 | 0.00 |
| FURNISHINGS | 7/11/2001 | MHY | 5 | 4,000.00 | 4,000.00 | 0.00 |
| FABRIC | 6/21/2001 | MHY | 5 | 4,432.41 | 4,432.41 | 0.00 |
| SOFA AND LOUNG | 7/25/2001 | MHY | 5 | 4,693.45 | 4,693.45 | 0.00 |
| FURNISHINGS | 11/2/2001 | MHY | 5 | 5,138.64 | 5,138.64 | 0.00 |
| DINING CHAIR F | 7/9/2001 | MHY | 5 | 3,839.81 | 3,839.81 | 0.00 |
| FABRIC | 9/27/2001 | MHY | 5 | 6,578.19 | 6,578.19 | 0.00 |
| 5 CABINETS, S | 8/20/2001 | MHY | 5 | 7,002.14 | 7,002.14 | 0.00 |
| FABRIC | 9/27/2001 | MHY | 5 | 7,640.89 | 7,640.89 | 0.00 |
| DRAPERY FABRIC | 8/9/2001 | MHY | 5 | 7,837.85 | 7,837.85 | 0.00 |
| DRAPERY DEPOSIT | 6/1/2001 | MHY | 5 | 8,901.50 | 8,901.50 | 0.00 |
| DISPLAY CASES | 8/20/2001 | MHY | 5 | 10,301.87 | 10,301.87 | 0.00 |
| LOCKERS | 8/17/2001 | MHY | 7 | 10,597.13 | 10,597.13 | 0.00 |
| FABRIC | 7/11/2001 | MHY | 5 | 11,520.00 | 11,520.00 | 0.00 |
| DINING AND CO | 8/7/2001 | MHY | 5 | 11,995.00 | 11,995.00 | 0.00 |
| OFFICE FURNITURE | 10/2/2001 | MHY | 7 | 12,357.08 | 12,357.08 | 0.00 |
| TABLE TOPS | 8/3/2001 | MHY | 5 | 13,128.90 | 13,128.90 | 0.00 |
| WOOD TABLES | 7/20/2001 | MHY | 5 | 13,895.00 | 13,895.00 | 0.00 |
| FABRIC | 7/20/2001 | MHY | 5 | 15,147.95 | 15,147.95 | 0.00 |
| LOCKERS & SLOP | 10/22/2001 | MHY | 7 | 15,761.58 | 15,761.58 | 0.00 |
| 220 WIRE CORNER | 5/22/2001 | MHY | 5 | 16,504.40 | 16,504.40 | 0.00 |
| COCKTAIL TABLE | 8/1/2001 | MHY | 5 | 17,823.17 | 17,823.17 | 0.00 |
| OTTOMAN, SOFA | 6/28/2001 | MHY | 5 | 20,281.44 | 20,281.44 | 0.00 |
| TABLES, BANQU | 7/20/2001 | MHY | 5 | 25,982.84 | 25,982.84 | 0.00 |
| CHANGE BANKS | 10/4/2001 | MHY | 5 | 36,917.84 | 36,917.84 | 0.00 |
| TABLES, SIDE C | 7/20/2001 | MHY | 5 | 43,532.98 | 43,532.98 | 0.00 |
| UPHOLSTERY FAB | 3/20/2001 | MHY | 5 | 46,200.00 | 46,200.00 | 0.00 |
| TABLES | 8/20/2001 | MHY | 5 | 48,727.80 | 48,727.80 | 0.00 |
| CHAIRS, OTTOMANS | 8/17/2001 | MHY | 5 | 37,193.85 | 37,193.85 | 0.00 |
| TABLE TOPS, W | 8/20/2001 | MHY | 6 | 52,526.17 | 52,526.17 | 0.00 |
| FLOOR AND TABL | 8/1/2001 | MHY | 5 | 62,743.05 | 62,743.05 | 0.00 |
| ROOM FURNISHINGS | 6/28/2001 | MHY | 5 | 92,901.00 | 92,901.00 | 0.00 |
| MATTRESS AND | 9/10/2001 | MHY | 5 | 102,726.95 | 102,726.95 | 0.00 |
| OFFICE FURNITURE | 11/5/2001 | MHY | 7 | 177,872.92 | 177,872.92 | 0.00 |
| DRAPERY | 9/21/2001 | MHY | 5 | 251,743.21 | 251,743.21 | 0.00 |
| CHAIRS, STOOLS-sold (1) chair 263.65 10/14/09 | 7/10/2001 | MHY | 5 | 387,358.37 | 387,358.37 | 0.00 |
| BED SLATS, ROOM | 1/1/2001 | MHY | 5 | 455,500.00 | 455,500.00 | 0.00 |
| FILES | 12/18/2001 | MHY | 7 | 2,500.90 | 2,500.90 | 0.00 |
| OFFICE FURNITURE | 9/5/2001 | MHY | 7 | 2,718.79 | 2,718.79 | 0.00 |
| OFFICE FURNITURE | 8/24/2001 | MHY | 7 | 3,442.73 | 3,442.73 | 0.00 |
| DESKS AND CHAIRS | 7/27/2001 | MHY | 7 | 8,027.66 | 8,027.66 | 0.00 |
| FURNITURE | 12/31/2001 | MHY | 5 | 1,187.91 | 1,187.91 | 0.00 |
| TELEPHONE EQU | 11/16/2001 | MHY | 5 | 7,478.81 | 7,478.81 | 0.00 |
| DRAPES | 8/25/2008 | MMQ | 5 | 1,566.44 | 1,278.84 | 191.73 |
| 2 60" PROJECTORS | 8/28/2008 | MMQ | 5 | 2,791.49 | 2,278.97 | 341.68 |
| 3 37" TV'S | 8/30/2008 | MMQ | 5 | 3,527.09 | 2,879.52 | 431.72 |
| CARPET INSTALLATION | 9/20/2008 | MMQ | 5 | 77,833.09 | 63,379.65 | 9,502.29 |
| LCD PROJECTOR | 1/31/2007 | SL/N/A | 5 | 2,037.98 | 1,188.83 | 407.60 |
| STAGE | 6/27/2007 | SL/N/A | 5 | 3,024.73 | 1,512.38 | 604.95 |
| CARPET | 6/30/2007 | SL/N/A | 5 | 3,767.00 | 1,883.50 | 753.40 |
| PLASMA TV | 8/28/2007 | SL/N/A | 5 | 4,294.98 | 2,004.33 | 859.00 |
| TV MOUNTS | 8/31/2007 | SL/N/A | 5 | 440.00 | 205.33 | 88.00 |
| 5 DISK DVD PL | 8/31/2007 | SL/N/A | 5 | 453.80 | 211.77 | 90.76 |
| PLASMA TV | 9/30/2007 | SL/N/A | 5 | 330.55 | 148.75 | 66.11 |
| PLASMA TV | 10/25/2007 | SL/N/A | 5 | 2,114.75 | 916.39 | 422.95 |
| 55" VIZIO TELEVISION-U | 8/27/2009 | SL/N/A | 5 | 1,719.69 | 114.64 | 343.92 |

## SIENA PROPERTY - ASSET LIST

| DESCRIPTION | DATE IN SERVICE | METHOD | LIFE | COST | ACCUM. DEPRECIATION AT 12/31/09 | 2010 ESTIMATED DEPRECIATION |
|---|---|---|---|---|---|---|
| **1530-109-00 FURNITURE AND FIXTURES** | | | | 2,207,967.70 | 2,182,269.01 | 14,104.10 |
| | | | | | | |
| **1530-110-00 TRANSPORTATION EQUIPMENT** | | | | | | |
| SUBURBAN TRUCK | 1/1/2001 | M/HY | 5 | 48,476.44 | 48,476.44 | 0.00 |
| 2004 CHEVY VAN | 3/1/2005 | M/HY | 5 | 28,122.38 | 26,502.53 | 1,619.85 |
| LINCOLN TOWNCAR | 9/1/2007 | SL/N/A | 5 | 27,616.83 | 12,869.36 | 5,523.17 |
| LINCOLN TOWNCAR -S | 9/1/2007 | SL/N/A | 5 | 31,439.63 | 14,651.30 | 6,287.93 |
| Correction to original sales tax calculation | 11/1/2009 | SL/N/A | 5 | 1,219.21 | 568.96 | 243.84 |
| **1530-110-00 TRANSPORTATION EQUIPMENT** | | | | 136,873.49 | 103,068.59 | 13,674.78 |
| | | | | | | |
| **1530-111-00 FREIGHT ON FIXED ASSETS** | | | | | | |
| FREIGHT ON FIXED ASSETS | | M/HY | 5 | 77,030.03 | 77,030.03 | 0.00 |
| **1530-111-00 FREIGHT ON FIXED ASSETS** | | | | 77,030.03 | 77,030.03 | 0.00 |
| | | | | | | |
| **1530-112-00 SLOT EQUIPMENT** | | | | | | |
| SLOT EQUIPMENT - WMS GAMING | 11/13/2001 | M/HY | 7 | 171.60 | 171.60 | 0.00 |
| SLOT EQUIPMENT - MARKERTECK.COM | 8/14/2001 | M/HY | 7 | 631.87 | 631.87 | 0.00 |
| SLOT EQUIPMENT - MARKERTECK.COM | 7/23/2001 | M/HY | 7 | 1590.39 | 1590.39 | 0.00 |
| SLOT EQUIPMENT - CARLTON BATES CO. | 6/11/2001 | M/HY | 7 | 2,722.80 | 2,722.80 | 0.00 |
| SLOT EQUIPMENT - U S BANCORP | 6/11/2001 | M/HY | 7 | 5,383.85 | 5,383.85 | 0.00 |
| SLOT EQUIPMENT - IGT 854457 | 9/10/2001 | M/HY | 7 | 15,546.16 | 15,546.16 | 0.00 |
| SLOT EQUIPMENT - MIKOHN GAMING | 8/14/2001 | M/HY | 7 | 16,176.67 | 16,176.67 | 0.00 |
| SLOT EQUIPMENT - TRUCKEE PRECISION | 8/20/2001 | M/HY | 7 | 16,642.65 | 16,642.65 | 0.00 |
| BALLY'S SLOT MAC - 229031 | 9/6/2001 | M/HY | 7 | 17,450.99 | 17,450.99 | 0.00 |
| SLOT EQUIPMENT - IGT 1064265 | 9/21/2001 | M/HY | 7 | 17,487.10 | 17,487.10 | 0.00 |
| SLOT EQUIPMENT - IGT | 9/20/2001 | M/HY | 7 | 31,114.75 | 31,114.75 | 0.00 |
| SLOT EQUIPMENT - KEY DEVICES PROD | 8/20/2001 | M/HY | 7 | 39,361.13 | 39,361.13 | 0.00 |
| BALLY'S SLOT MAC - 229031-(6) Dynasty 2/11 | 6/29/2001 | M/HY | 7 | 52,431.99 | 52,431.99 | 0.00 |
| TOKENS - OSBORNE COINAGE | 5/23/2001 | M/HY | 5 | 16,244.81 | 16,244.81 | 0.00 |
| ATRONIC SLOT MAC - 00732876-(4) Dynasty 2/11 | 8/17/2001 | M/HY | 7 | 48,804.18 | 48,804.18 | 0.00 |
| BALLY'S SLOT MAC - 229031-(20) Dynasty 2/11 | 6/29/2001 | M/HY | 7 | 192,876.97 | 192,876.97 | 0.00 |
| IGT SLOT MAC | 6/30/2001 | M/HY | 7 | 194,056.83 | 194,056.83 | 0.00 |
| TITO LICENSE | 7/13/2001 | MMQ | 5 | 11,274.38 | 11,274.38 | 0.00 |
| ARISTROCRAT | 10/31/2004 | M/HY | 5 | 80,950.01 | 80,950.01 | 0.00 |
| EZ PAY LICENSE | 3/30/2006 | M/HY | 5 | 10,216.74 | 9,628.26 | 588.48 |
| RACKMOUNT B | 12/29/2005 | M/HY | 5 | 1,476.37 | 1,391.33 | 85.04 |
| LEASE 47 IGT - PDS-sold (3)&(4) to No NV Rest Serv (10) sold to U-1 - (10), sold to U-1 | 3/7/2006 | MMQ | 7 | 506,810.00 | 388,286.86 | 55,409.26 |
| EZ PAY LICENSE | 4/12/2006 | MMQ | 7 | 20,293.88 | 14,218.82 | 2,430.03 |
| HIGH LIMIT SLOT | 4/11/2006 | MMQ | 7 | 4,723.00 | 3,309.15 | 565.54 |
| WESTERN MONEY | 5/11/2006 | MMQ | 7 | 39,928.32 | 27,974.20 | 4,780.85 |
| EZ PAY HARDWARE | 7/13/2006 | MMQ | 7 | 1,417.35 | 968.16 | 184.47 |
| FUTURE LOGIC | 8/3/2006 | MMQ | 7 | 3,276.26 | 2,210.22 | 428.42 |
| LEASE 32 MACHINES PDS-(10)Dynasty 4/19 | 11/15/2006 | MMQ | 7 | 239,661.00 | 155,440.27 | 33,688.29 |
| 12 IGT GAMEK | 12/20/2008 | MMQ | 7 | 74,733.00 | 48,470.82 | 10,504.95 |
| 41 IGT GAME - INV. 2576 DYNASTY- (9) Dynasty 2/11 | 12/11/2006 | MMQ | 7 | 366,511.00 | 239,010.31 | 51,800.27 |
| 26 IGT GAMEK | 12/18/2006 | MMQ | 7 | 180,912.75 | 123,622.94 | 26,835.93 |
| 35 IGT GAME-sold (20) to Dotty's U-1 | 11/29/2006 | MMQ | 7 | 222,481.00 | 144,297.60 | 31,273.36 |
| 36 IGT GAMEK -sold (12)&(20) to No NV Rest Serv | 12/22/2006 | MMQ | 7 | 224,199.00 | 145,411.86 | 31,514.85 |
| 18 IGT "I" GAM | 2/2/2007 | SL/N/A | 5 | 115,985.00 | 67,646.25 | 23,193.00 |
| 12 IGT "I" GAM | 2/2/2007 | SL/N/A | 5 | 74,733.00 | 43,594.25 | 14,946.60 |
| DYNASTY GAME | 6/29/2007 | SL/N/A | 5 | 10,810.52 | 5,405.25 | 2,162.10 |
| 12 IGT "I" GAM | 2/22/2007 | SL/N/A | 5 | 77,310.00 | 43,809.00 | 15,462.00 |
| 8 IGT GAMEKI | 2/22/2007 | SL/N/A | 5 | 51,540.00 | 29,206.00 | 10,308.00 |
| 4 IGT "I" GAM | 2/22/2007 | SL/N/A | 5 | 24,911.00 | 14,118.23 | 4,982.20 |
| 1 MIKOHN MINI | 2/22/2007 | SL/N/A | 5 | 536.88 | 304.24 | 107.38 |
| DYNASTY GAME | 9/13/2007 | SL/N/A | 5 | 6,933.40 | 3,235.59 | 1,386.68 |
| DYNASTY GAME | 10/31/2007 | SL/N/A | 5 | 7,626.71 | 3,304.90 | 1,525.34 |
| WMS BLUEBIRD | 1/5/2007 | SL/N/A | 5 | 40,043.50 | 24,026.10 | 8,008.70 |
| 16 WMS MACHINED - INV 2803 DYNASTY-sold (15) to Dynasty 2/11 | 1/17/2007 | SL/N/A | 5 | 159,774.00 | 93,201.50 | 31,954.80 |
| KONAMI GAMING SYSTEM | 9/22/2008 | SL/N/A | 15 | | | |
| PALTRONICS | 9/22/2008 | SL/N/A | 15 | 180,532.68 | 15,044.39 | 12,035.51 |
| S & J ENTERPRISES | 9/22/2008 | SL/N/A | 15 | 16,623.77 | 2,968.53 | 2,374.82 |
| BARCODE GIANT | 9/22/2008 | SL/N/A | 5 | 488.75 | 87.28 | 69.82 |
| CARD SCANNING SOLUTIONS | 9/22/2008 | SL/N/A | 5 | 2,046.57 | 365.46 | 292.37 |
| ZONES | 9/22/2008 | SL/N/A | 5 | 10,897.64 | 1,946.01 | 1,558.81 |
| CIT FIN. SERV - ZONES | 9/22/2008 | SL/N/A | 5 | 19,944.54 | 3,561.54 | 2,849.23 |
| | | | | 5,146,243.43 | 2,840,542.87 | 502,034.00 |
| (2) Atronic Cashline Upright Given to Dynasty | 2/11/2010 | | | -24,402.09 | -24,402.09 | |
| (2) Atronic Cashline Upright Sold to Dynasty | 2/11/2010 | | | -24,402.09 | -24,402.09 | |
| (20) Bally S6000 & Gamemaker Given to Dynasty | 2/11/2010 | | | -183,355.80 | -183,355.80 | |
| (9) Bally S6000 Upright Sold to Dynasty | 2/11/2010 | | | -46,334.40 | -46,334.40 | |
| (9) IGT GK Upright Sold to Dynasty | 2/11/2010 | | | -57,982.50 | -37,605.88 | -8,150.25 |
| (15) WMS BB Upright Sold to Dynasty | 2/11/2010 | | | -149,788.13 | -87,376.41 | -29,957.63 |
| (3) IGT GK Slant Keno -No NV Rest Serv | 2/18/2010 | | | -25,770.00 | -16,727.39 | -2,817.56 |
| (12) IGT GK Slant Poker-Sold to No NV Rest Serv | 2/18/2010 | | | -74,733.00 | -48,465.77 | -10,503.90 |

**SIENA PROPERTY - ASSET LIST**

| DESCRIPTION | DATE IN SERVICE | METHOD | LIFE | COST | ACCUM. DEPRECIATION AT 12/31/09 | 2010 ESTIMATED DEPRECIATION |
|---|---|---|---|---|---|---|
| (4) IGT GK Slant Keno & Poker - NV Rest Serv | 3/26/2010 | | | -34,360.00 | -24,969.85 | -3,756.75 |
| (20) IGT GK Slant Poker - Sold To NV Rest Serv | 3/26/2010 | | | -124,555.00 | -80,790.83 | -17,509.65 |
| (10) IGT GK Slant 19" WBA - To U 1 (Participation) | 4/13/2010 | | | -85,900.00 | -62,424.62 | -9,391.20 |
| (10) IGT GK DIB WBA - to Dynasty (credit to A/P) | 4/19/2010 | | | -74,894.08 | -48,575.08 | -10,527.60 |
| (10) IGT GK Slant 19" WBA - To U 1 (Participation) | 4/23/2010 | | | -85,900.00 | -62,424.62 | -9,391.20 |
| (20) IGT GK Slant 19" LCD - To U 1 (Participation) | 4/23/2010 | | | -127,132.00 | -82,455.77 | -8,935.25 |
| BALLY SLOT MACHINES (40) | 4/1/2010 | SL/N/A | 7 | 800,682.21 | 0.00 | 114,383.17 |
| | | | | | | |
| **1530-112-00 SLOT EQUIPMENT** | | | | 4,829,416.57 | 1,808,232.27 | 505,476.18 |
| ASSETS AT END OF YEAR 2009 | | | | 17,642,338.01 | 14,346,396.91 | 757,212.15 |
| ASSET TOTAL LESS SOLD OR DISPOSED | | | | 16,311,777.88 | 12,495,482.96 | 760,434.49 |
| CAPITAL LEASES | | | | | | |

## SIENA WAREHOUSE - ASSET LIST

| Inventory ID | Name | Description | Location | Quantity In Stock |
|---|---|---|---|---|
| S100 | Change Machines Reldom Serial#5610 | Brown change machine 4/12 feet | | 1 |
| S101 | Cummins Jetsort Model 6633 | Counting Machine | | 2 |
| S102 | Citizen Jetsort Model IDP 3535 | Counting Machine | | 1 |
| S103 | Cash Cartridge | Holds cash spring loaded | | 150+ |
| S104 | Campbell Household 3 hp Compressor | Damaged compressor | | 1 |
| S105 | Startral Model 46306USAPO | Workout Machine | | 2 |
| S106 | Gamemaker Panels | Game Machine parts | | 150+ |
| S107 | Gamemaker Button Panels | Game Machine Parts | | 7 |
| S108 | Black Cabins | Size 18X27 | | 4 |
| S109 | Black Panels | Size 22X41 | | 40 |
| S110 | Kenos Best Advertisement | Pamphlet sized old advertisement | | 8 boxes |
| S111 | Computer Paper | Size 91/2 X 11 | | 2 boxes |
| S112 | Outside Kenos Tickets | Business Card Size 288,600 per box | | 2 boxes |
| S113 | Cash Cabin | Size 36X80 | | 8 |
| S114 | White Fountain | Plastic Size 1/2 X24 round | | 1 |
| S115 | White Fountain | Plastic Size 2/2 X36 round | | 1 |
| S116 | Bud Arch | Metal decorative arch broken | | 1 |
| S117 | Wood Tray | 2/4 X11 5/8 | | 22 |
| S118 | Vent Screens | 18X26 | | 31 |
| S119 | Game Table | | | 1 |
| S120 | Orange Wheels | Metal braces w/orange wheels | | 2 |
| S121 | Craps Table | Perfect Condition Complete | | 1 |
| S122 | Stage/Podium set | 3 parts painted black w/carpet | | 1 |
| S123 | Game Table | Incomplete | | 1 |
| S124 | Paigow Poker Table | Complete | | 1 |
| S125 | Game Table | | | 1 |
| S126 | Chair Cushions (BLACK) | New Not Damaged | | 86 |
| S127 | Chair Cushions (BLACK) | Damaged i.e burn holes, ripped etc... | | 27 |
| S128 | Golden Eggs Spin Lottery Machine | Bronze in color perfect condition | | 1 |
| S129 | Black Draw Machine | Used for raffles/drawings Perfect condition | | 1 |
| S130 | Coffee tables | Size 48wX18X16H not assembled | | 18 |
| S131 | Electric sign | Two sided sign for game table | | 1 |
| S132 | Backerette Table | Pink Backeretta table complete like new | | 1 |
| S133 | Black Jack Table | Color blue complete like new | | 1 |
| S134 | Black Jack Table | Color green complete like new | | 6 |
| S135 | Paigow Poker Table | Color yellow complete like new | | 1 |
| S136 | Cabin w/Arch | Size 22X88 | | 2 |
| S137 | Black Jack Table | Color Red Complete | | 2 |
| S138 | Black Dresser Cabinet | Large Black Dresser Cabinet | | 1 |
| S140 | New Years Marketing Supplies | 1 Pallet | | 1 |
| S141 | 16 foot poles | Electric poles possibly for large sign | | 4 |
| S142 | Cabinet No Doors | 4 black Cabinets no doors 1 pallet | | 4 |
| S143 | Jacks | 1 Pallet Jacks to raise things | | 1 |
| S144 | Brown Ceiling Panels | Brown Metal ceiling Panels | | 40 |
| S145 | Black Ceiling Panels | Black Metal Ceiling Panels | | 3 Boxes |
| S146 | White Safes | Small white metal safes with code lock | | 12 |
| S147 | Wooden Treasure Chest | Decorative Chest filled with smaller wooden boxes | | 1 |
| S148 | T.V. Cabinets | Wooden cabinets as in rooms | | 11 |
| S149 | Mystery Gift Cards | Mystery gift post cards 7 boxes | | 7 |
| S150 | Nightly Drawing Cards | 4 boxes nightly drawing cards | | 4 |
| S151 | Coffee saucers | 1 box incomplete | | 1 |
| S152 | Glasses | mix of glasses flutes, coffee cups etc... | | 1 |
| S153 | New Drink Mixers | Drink Mixers new | | 8 |
| S154 | salad Bowls | 9 boxes of sald bowls | | 250 |
| S155 | Christmas Supplies | 4 large pallets of Christmas Decorations | | 4 |
| S156 | Halloween Supplies | 2 large pallets halloween supplies | | 2 |
| S157 | Misc Kitchen supplies | Bakey equipment, other random kitchen | | 100+ |
| S158 | Cash Drawer | Metal cash Drawer | | 2 |
| S159 | Pillars | White plastic decorative pillars sizes vary | | 47 |
| S160 | Coffee Maker | Two spout large coffee maker new | | 1 |
| S161 | Picture Frames w/ Picture | 1 large pallet qty unknown picture frames with pictures | | 1 |
| S162 | Ice Chest | 4 Pepsi ice chest and 3 box ice chest on single pallet | | 1 |
| S163 | Printers | 4 large rabbit printers | | 4 |
| S164 | Large Striped back stools | New Not Damaged | | 62 |
| S165 | Short Striped back stools | New Not Damaged | | 3 |
| S166 | Large Rounded bottom stools | New Not Damaged | | 73 |
| S167 | Large Striped back stools | Damaged | | 12 |
| S168 | Large Rounded bottom stools | Damaged | | 16 |
| S169 | Swivel Seats | swivel seats with long metal bottom extension | | 3 |
| S170 | Stools | Coffee/cream color stools | | 6 |
| S171 | Stools | Coffee/Black color stools | | 2 |
| S172 | Computer Chair | 1 black computer chair | | 1 |
| S173 | Table Parts | 232 pieces of table parts, legs borders etc... | | 232 |
| S174 | Incomplete Tables | Table tops not put together most have felt | | 37 |

## SIENA WAREHOUSE - ASSET LIST

| Inventory ID | Name | Description | Location | Quantity In Stock |
|---|---|---|---|---|
| S175 | Black Jack Table | Color blue incomplete | | 2 |
| S176 | Paigow Poker Table | Color yellow incomplete | | 1 |
| S177 | Backarette Table | Backarette Table Complete | | 1 |
| S178 | Rollet Table | Complete like new | | 1 |
| S179 | Frymaster | Deep fryer 3 Compartment | | 1 |
| S180 | Sink | Mobel Metal Kitchen Sink | | 1 |
| S181 | Propane grill | Large grill slightly damaged | | 1 |
| S182 | Propane Stove | 2 burner propane stove | | 1 |
| S183 | Food Warmer | Stainless steel missing a leg | | 1 |
| S184 | Ice Chest Container | Spring loaded ice chest metal] | | 1 |
| S185 | Wine Openers | Mounted wine openers new wooden handle | | 7 |
| S186 | Mahogany Dresser | 3 drawers one door | | 1 |
| S187 | Slot Machine | Triple diamond Slot Machine | | 1 |
| S188 | Wall Paper | Wall Paper 200+ feet per roll | | 74 |
| S189 | Steel Boxes w/ locks | 12X12 brown steel lock boxes | | 1 pallet |
| S190 | Eberhardt | Dough making machine | | 1 |
| S191 | Night Stand | New night stands | | 14 |
| S192 | Dressor | 4 door dressor with glass in miggle | | 1 |
| S193 | Monitor | 20 inch monitor | | 1 |
| S194 | Computer Desk | Metal computer desk | | 1 |
| S195 | Stools | stools no cushion | | 2 |
| S196 | Siena Plastic Cups | 16 oz siena cups 500 per box | | 37 boxes |
| S197 | Dinner Chairs | Metal dinner chairs in box new | | 8 |
| S198 | Picture Frames | Wooden frames with picture | | 6 |
| S199 | Lamps | Bronze 6 feet lamps no shade | | 34 |
| S200 | Table Parts | 1 pallet 20 pieces of game table parts | | 1 |
| S201 | T.V.s | 5 pallets 13 flat screens 18 box t.v. sets | | 29 |
| S202 | Mahogany Desk | like new desk | | 1 |
| S203 | Metal Racks w/ Wheels | Metal racks possibly for kitchen use | | 1 |
| S204 | Picture Frames w/ Picture | 1 pallet 16 frames | | 1 |
| S205 | Ceiling Panels | 2 pallets ceiling panels'41 boxes total white | | 2 |
| S206 | T-bar | 2 boxes t-bar for ceiling panels | | 1 |
| S207 | Ceramic Italian Tiles | Color brown 1 pallet | | 1 |
| S208 | Ceramic Italian Tiles | Color red/brown 2 pallet | | 2 |
| S209 | Display Case | 4 compartment display case | | 1 |
| S210 | Ice Machine | damaged | | 1 |
| S211 | Electric Cooler | damaged | | 1 |
| S212 | Display Case | Multi compartment display case | | 1 |
| S213 | Electric Lift | large blue electric lift | | 1 |
| S214 | Beige Tiles | 1 pallet 61 boxes per pallet | | 1 |
| S215 | Pool Lift | 1 pool lift | | 1 |

## SCHEDULE C
## PERMITTED EXCEPTIONS

Taxes for the year 2010-2011, a lien not yet due and payable and prorated to day of Closing.

Any taxes levied by the City of Reno, provided by Ordinance No. 1220, County of Washoe, provided by Ordinance No. 87 and the City of Sparks, provided by Ordinance No. 417, providing for Room License Tax for periods after Closing.

6)    Right of Way, together with the rights incidental thereto,

| | |
|---|---|
| PURPOSE: | Cochran Ditch and flume |
| RECORDED: | September 6, 1875 |
| BOOK: | B, Liens and Miscellaneous Records |
| PAGE: | 257 |

7)    Notes, easements and recitals as set forth on the recorded map of Reno Townsite. Said notes, easements and recitals will affect the use of the herein described property and a review of said map is advised.

8)    Agreement, on the terms and conditions contained therein.

| | |
|---|---|
| PURPOSE: | To construct a new reinforced concrete flume for the Cochran Ditch |
| DATED: | February 16, 1955 |
| EXECUTED BY: | Cochran Ditch Association, The Holiday, Inc., a Nevada corporation, Truckee River Properties Corp., a Nevada corporation and Romie Pine Johnson, individually and as trustee |
| RECORDED: | March 8, 1955 |
| BOOK: | 5 , Bonds and Agreements Records |
| PAGE: | 576 |
| DOCUMENT NO.: | 239978 |

9)    Easement, together with the rights incidental thereto,

| | |
|---|---|
| GRANTED TO: | Sierra Pacific Power Company, a corporation |
| PURPOSE: | To construct, operate and maintain underground conduit and cables |
| RECORDED: | June 1, 1956 |
| BOOK: | 414, Deed Records |
| PAGE: | 188 |
| DOCUMENT NO.: | 260529 |

10)    Easement, together with the rights incidental thereto,

| | |
|---|---|
| GRANTED TO: | Sierra pacific Power Company, a Nevada corporation and Bell Telephone Company of Nevada, a corporation |
| PURPOSE: | To construct, operate and maintain underground anchors and appurtenances thereto |
| RECORDED: | February 15, 1968 |
| BOOK: | 303, Official Records |
| PAGE: | 702 |
| DOCUMENT NO.: | 108467 |

11)    Notes, easements and recitals as set forth on Record of Survey No. 1196 herein referred. Said notes, easements and recitals will affect the use of the herein described property and a review of said map is advised.

39

LA/361826.1

12)    Ordinance No. 3092, on the terms and conditions contained therein.

| | |
|---|---|
| PURPOSE: | To amend Title 18 of the Reno Municipal Code to add areas to the project area described in the Redevelopment Plan for the Downtown Project Area of the Redevelopment Agency of the City of Reno |
| EXECUTED BY: | The City Council of the City of Reno |
| RECORDED: | May 5, 1983 |
| BOOK: | 1862, Official Records |
| PAGE: | 498 |
| DOCUMENT NO.: | 853150 |

And as modified by an instrument,

| | |
|---|---|
| RECORDED: | August 25, 1983 |
| BOOK: | 1909, Official Records |
| PAGE: | 141 |
| DOCUMENT NO.: | 875211 |

Ordinance No. 5172 to amend the duration of the Redevelopment Plan, on the terms and conditions contained therein.

| | |
|---|---|
| EXECUTED BY: | City Council of the City of Reno |
| RECORDED: | July 8, 2005 |
| DOCUMENT NO.: | 3242447, Official Records |

13)    Easement, together with the rights incidental thereto.

| | |
|---|---|
| GRANTED TO: | The City of Reno, a Nevada municipal corporation |
| PURPOSE: | Permanent easement for the construction, maintenance and use of a public sidewalk and pole anchors and appurtenances thereto |
| RECORDED: | October 25, 1995 |
| BOOK: | 4416, Official Records |
| PAGE: | 571 |
| DOCUMENT NO.: | 1936664 |

14)    Easement, together with the rights incidental thereto.

| | |
|---|---|
| GRANTED TO: | The City of Reno, a Nevada Municipal Corporation |
| PURPOSE: | A permanent non-exclusive easement for the proposed reconstruction of the existing Center Street Bridge and appurtenances thereto |
| RECORDED: | June 4, 1996 |
| BOOK: | 4589, Official Records |
| PAGE: | 226 |
| DOCUMENT NO.: | 2000615 |

40

15)    Easement, together with the rights incidental thereto,

| | |
|---|---|
| GRANTED TO: | The City of Reno, a Nevada municipal corporation |
| PURPOSE: | A perpetual easement and right-of-way for the location, construction and maintenance of a bridge |
| RECORDED: | June 11, 1996 |
| BOOK: | 4595, Official Records |
| PAGE: | 394 |
| DOCUMENT NO.: | 2002908 |

16)    Waiver and release from any and all claims for damages and lien rights, in favor of the State of Nevada, arising out of the location, construction, landscaping or maintenance as contained in Easement Deed,

| | |
|---|---|
| RECORDED: | June 11, 1996 |
| BOOK: | 4595, Official Records |
| PAGE: | 394 |
| DOCUMENT NO.: | 2002908 |

17)    Subterranean Easement, together with the rights incidental thereto,

| | |
|---|---|
| GRANTED TO: | Barney J. NG |
| PURPOSE: | A permanent easement for the construction, maintenance and use of an underground pedestrian tunnel, and appurtenances thereto |
| RECORDED: | May 18, 2000 |
| DOCUMENT NO.: | 2448187, Official Records |

18)    Air Space Easement, together with the rights incidental thereto,

| | |
|---|---|
| GRANTED TO: | Barney J. NG |
| PURPOSE: | A permanent easement for the construction, maintenance and use of an enclosed stairwell structure, and appurtenances thereto |
| RECORDED: | May 18, 2000 |
| DOCUMENT NO.: | 2448188, Official Records |

19)    Notes, easements and recitals as set forth on Record of Survey No. 3828 herein referred. Said notes, easements and recitals will affect the use of the herein described property and a review of said map is advised.

20)    Easement, together with the rights incidental thereto,

| | |
|---|---|
| RESERVED BY: | The City of Reno |
| PURPOSE: | An easement for all existing utilities |
| RECORDED: | December 14, 2000 |
| DOCUMENT NO.: | 2507552, Official Records |

41

21)    Easement, together with the rights incidental thereto,

| | |
|---|---|
| GRANTED TO: | The City of Reno |
| PURPOSE: | Sanitary Sewer lines |
| RECORDED: | January 19, 2001 |
| DOCUMENT NO.: | 2517000, Official Records |

22)    Easement, together with the rights incidental thereto,

| | |
|---|---|
| GRANTED TO: | The City of Reno |
| PURPOSE: | Sanitary Sewer lines |
| RECORDED: | January 19, 2001 |
| DOCUMENT NO.: | 2517001, Official Records |

23)    Hold Harmless and Indemnity Agreement and Encumbrance on Real Property, on the terms and conditions contained therein.

| | |
|---|---|
| EXECUTED BY: | The City of Reno, a municipal corporation and |
| | One South Lake Street, LLC, a Nevada limited |
| | liability company |
| RECORDED: | August 24, 2001 |
| DOCUMENT NO.: | 2589529, Official Records |

33)    Any easement or claims of easement or rights of access based on prescription or by implied dedication to the public over said land or any part thereof, for access (or recreational purposes) to or upon the Truckee River.

34)    Any adverse claim based upon the assertion that:

a) "Said land or any part thereof is now, or at any time has been, below the ordinary high water mark of the Truckee River."

b) "Some portion of said land has been created by artificial means or has accreted to such portions so created."

c) "Some portion of said land has been brought with the boundary thereof by an avulsive movement of the Truckee River or has been formed by accretion to any such portion."

35)    Any easement for water course over that portion which lies within the Cochran Ditch as it formerly existed or now exists.

42

54

| | |
|---|---|
| In re: **Hi-Five Enterprises, LLC** | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 10-bk-54013-GWZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document described **[PROPOSED] ORDER GRANTING DEBTORS AND DEBTORS-IN-POSSESSION'S MOTION FOR AN ORDER: APPROVING AND AUTHORIZING THE SALE BY AUCTION OF THE DEBTORS' REAL AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, SUBJECT TO HIGHER AND BETTER OFFERS;  AND RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On                I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:** On November 16, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA US MAIL**

Honorable Gregg W. Zive
C. Clifton Young Federal Building
U.S. Bankruptcy Court
300 Booth Street
Reno, NV 89509

U.S. TRUSTEE - RN - 11
300 BOOTH STREET
SUITE 2129
RENO, NV 89509

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 16, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 16, 2010 | SIMONA FILIP | /s/ Simona Filip |
|---|---|---|
| Date | Type Name | Signature |

| In re: **Hi-Five Enterprises, LLC** | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 10-bk-54013-GWZ |

## ADDITIONAL SERVICE INFORMATION

## II.  SERVED BY U.S. MAIL:

RE Reno LLC
c/o Jeffrey C. Krause
Stutman Treister & Glatt
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

IGT
9295 Prototype Dr.
Reno, NV  89521

Konami Gaming, Inc.
585 Trade Center Drive
Las Vegas, NV 89521

Raymond Leasing Corporation
P.O. Box 130
Greene, NY 13778

PDS Gaming Corporation-Nevada
6280 Annie Oakley Drive
Las Vegas, NV 89120

Wells Fargo Bank, National Association
3800 Howard Hughes Parkway, 4th Floor
Las Vegas, NV 89109

Young Electric Sign Company
775 E. Glendale Ave.
Sparks, NV 89101

Bank Wyoming
435 Arapahoe
Thermopolis, WY 82443-1232

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

CREDITORS BUREAU USA
757 L STREET
FRESNO, CA 93721

| | |
|---|---|
| In re: **Hi-Five Enterprises, LLC** | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 10-bk-54013-GWZ |

## III.  <u>SERVED BY EMAIL</u>:

DENNIS L. BELCOURT on behalf of Creditor NEVADA DEPARTMENT OF TAXATION
DBelcourt@ag.nv.gov, SJohnson@ag.nv.gov

JANET L. CHUBB on behalf of Creditor NATIONAL AUTOMOBILE MUSEUM
twaldo@armstrongteasdale.com

THOMAS H. FELL on behalf of Creditor RE RENO, LLC
BANKRUPTCYNOTICES@GORDONSILVER.COM;bknotices@gordonsilver.com

LUCAS GJOVIG on behalf of Creditor Committee OFFICIAL COMMITTEE OF GENERAL UNSECURED
CREDITORS
lmgjovig@duanemorris.com, jldailey@duanemorris.com;bsrudolph@duanemorris.com

GREGORY K JONES on behalf of Creditor RE RENO, LLC
gjones@stutman.com, jstern@stutman.com

JAMES A KOHL on behalf of Creditor KONAMI GAMING, INC.
jak@h2law.com, sgeorge@howardandhoward.com

JEANETTE E. MCPHERSON on behalf of Creditor BALLY GAMING, INC.
bkfilings@s-mlaw.com

JOHN F MURTHA on behalf of Creditor NV ENERGY
jmurtha@woodburnandwedge.com

MICHAEL A.T. PAGNI on behalf of Creditor TRUCKEE MEADOWS WATER AUTHORITY
mpagni@mcdonaldcarano.com, mnichols@mcdonaldcarano.com

SUSAN BALL ROTHE on behalf of Creditor CITY OF RENO
rothes@reno.gov

JENNIFER A. SMITH on behalf of Creditor INTERNATIONAL GAME TECHNOLOGY
cobrien@lionelsawyer.com, bklscr@lionelsawyer.com

U.S. TRUSTEE - RN - 11
USTPRegion17.RE.ECF@usdoj.gov

MICHAEL EDWARD WILSON on behalf of Interested Party STATE GAMING CONTROL BOARD NV
GAMING COM
mwilson@ag.nv.gov

| In re: **Hi-Five Enterprises, LLC** | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 10-bk-54013-GWZ |

Shawn M. Christianson on behalf of Creditor Oracle America, Inc.
schristianson@buchalter.com

Joseph D. Frank on behalf of Creditor Pepsi Beverages Company
jfrank@fgllp.com

Eric D. Goldberg on behalf of Creditor RE Reno, LLC
egoldberg@stutman.com

Geoffrey A. Heaton on behalf of Creditor Committee Official Committee of General Unsecured Creditors for
Hi-Five Enterprises, LLC
gheaton@duanemorris.com

William J. Lafferty on behalf of Creditor NV Energy, Inc.
wlafferty@howardrice.com, aray@howardrice.com; jbeyl@howardrice.com

Daniel A. McDaniel on behalf of Creditor General Produce Co., Ltd.
damplc@pacbell.net

Aron M. Oliner on behalf of Creditor Committee Official Committee of General Unsecured Creditors for Hi-
Five Enterprises, LLC
roliner@duanemorris.com

John D. Suhr on behalf of Creditor Creditors Bureau USA
jsuhr@fresnocredit.com, val@fcbcbc.com; jeanne@fcbcbc.com

Eve H. Karasik on behalf of Creditor RE Reno, LLC
ekarasik@stutman.com

JEFFREY C. KRAUSE on behalf of Creditor RE Reno, LLC
JKrause@Stutman.com'

Garrett D. Gordon on behalf of Buyer, Grand Siena, LLC
LEWIS & ROCA LLP
GGordon@LRLaw.com

Laury Macauley on behalf of Buyer, Grand Siena, LLC
LEWIS & ROCA LLP
LMacauley@LRLaw.com